## Greenawalt *versus* McDowell.

1. G. was surety for B. in a note to M. which was due. M. desiring to obtain money endorsed a note for B. for $2500, and endorsed on the first note: "Received September 12th 1867, of B., per W. S. F., $2420.42 on a note of $2500, given for ninety days for which I went security." *Held*, that it was proper to show that the proceeds were to be in payment of the first note only when B. should pay the second note.

2. The receipt of the proceeds of the second note and endorsing them on the first note, although without the knowledge of the surety, was not payment.

3. M. brought suit against G. on the first note before paying the second note, which had been dishonored and was unpaid by B. *Held*, that he could maintain the action.

4. The fact that the money raised on the second note and endorsed on the other was for the mutual accommodation of M. and B., did not discharge G. as surety.

May 11th 1870.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Franklin county :* No. 71, to May Term 1870.

This was an action of assumpsit brought, December 23d 1868, by Alexander McDowell against Peter Brough, Samuel F. Greenawalt and John A. Brough.    The cause of action was this note :—

"$6000.    On demand, we, or either of us, promise to pay Alexander E. McDowell, or order, six thousand dollars, without defalcation, for value received, with interest from date, November 28th 1864.                    PETER BROUGH,

As security, SAMUEL F. GREENAWALT,
As security, JOHN A. BROUGH."

A payment of $1399.27 and payments of two years' interest were endorsed on the note.    This endorsement also was on the note :—

"Received, September 12th 1867, of Peter Brough, per William S. Fletcher, $2420.42 on a note of $2500, given for ninety days, for which I went security.                    ALEX. McDOWELL."

The cause was tried between McDowell and Greenawalt, February 4th 1870, before Rowe, J.    The plaintiff gave the note in evidence, and being on the stand as a witness, the note mentioned in the receipt was shown to him, and it was proposed to ask him, "whether the proceeds of the discounted note, receipted for on the back of the note in suit, were received in payment of so much of the original debt, or as a conditional payment thereof, that is to be in payment when the discounted note should be paid by Peter Brough."

The defendant objected to the offer ; it was admitted and a bill of exceptions sealed.    He testified that the following note was that mentioned in the receipt :—

[Greenawalt v. McDowell.]

"Ninety days after date we or either of us promise to pay to the order of W. S. Fletcher $2500.00 without defalcation, value received, payable at the banking-house of Austin, Elder & Fletcher, dated 12th September 1867. PETER BROUGH and ALEXANDER E. McDOWELL."

He further testified that on the 12th of September 1867, he asked Peter Brough for $5000 which he would need on the 23d. Brough said he could pay $2500 himself, and could raise the balance if plaintiff would endorse for him. On the 23d the money was obtained at Fletcher's bank on the discount of the above note. "The money received was to be a credit on the note in suit when the $2500 note was paid by Brough. When we came out of the bank, Mr. Brough said he ought to have credit for that money. I said I didn't think he had a right to a credit on that note until this other note was lifted; that it did look as if he should have something, but that I was equally bound in the $2500 note with himself. That was all. That was September 12th 1867. I put the receipt for the money on the note in suit the day before I went away, which was 23d September 1867." * * *

"The credit was not put on the note in pursuance of any agreement with Brough; we never spoke of it after we came out of bank that day. I put the credit on because I was about to start West, and was going to leave the note behind, with my son, and I thought something might happen, or that the note might be renewed and kept alive, and there was not much risk."

No part of the $2500 note had been paid when the suit was brought, but it had all been paid since. Peter Brough made an assignment for the benefit of his creditors on the 8th of December 1868.

On the part of the defendant, Greenawalt and J. A. Brough testified that on the 12th of September, Peter had $10,000 or $12,000 worth of property and that neither of them ever had any conversation with the plaintiffs about putting the credit on the note or anything connected with it.

The defendant's points were:—

1. If the jury believe from the evidence, that the plaintiff was in need of money, and for the mutual accommodation of Peter Brough and himself, they procured Wm. S. Fletcher to discount their note for $2500, and the plaintiff without consultation with the sureties on the note in suit, placed thereon an absolute and unconditional receipt for $2400.42 the proceeds of the $2500 note, this was an extinguishment and satisfaction *pro tanto* of the note in suit as between the plaintiff and the sureties therein.

3. If the jury believe the facts as testified to by the plaintiff himself, they constituted in law a suspension of his right of action on the note in suit, to the extent of the credit placed thereon, at

15 P. F. SMITH—30

[Greenawalt *v.* McDowell.]

least during the period the $2500 note had to run, and to that amount the sureties have a good legal defence in this action.

4. If the jury believe that the $2500 note was discounted by Wm. S. Fletcher for the accommodation both of Brough and the plaintiff, and the latter received the proceeds thereof, and that at the time the present suit was brought, such note was still in the possession of Wm. S. Fletcher, a bonâ fide holder for value, and was then wholly unpaid, the plaintiff had no right to sue on the original note, until he had lifted the $2500 note.

5. This case must be decided upon, and governed by what appears on the note in suit, and the legal aspect presented by the paper itself, cannot be explained away by parol proof, and the note showing a receipt to the extent of $2420.42 of its face, is extinguished and satisfied *pro tanto*, and the verdict can be only for the balance due thereon.

Judge Rowe charged :— * * *

" I am unable to instruct you as requested by the defendant, upon any one of his points.

" Having disposed of the questions of law as I have done, there remain two questions of fact to be submitted to you.

" 1. Was there an agreement of the plaintiff founded on a sufficient consideration, to give time to the defendant, Brough, the principal in the note in suit? We have already said as matter of law that the acceptance by plaintiff of the proceeds of the discounted note, was not a suspension of his right to sue on the original note so as to release the sureties, and there is no other evidence in the case of an agreement to give time. Such an agreement is to be shown by the defendant affirmatively. He has produced no evidence to that effect.

" 2. Was the payment of the $2420.42 by Brough to McDowell, a conditional or an absolute payment? * * *

" If the testimony of Mr. McDowell is believed, the receipt by him of the discounted note was not to be a credit or absolute payment on the $6000 notes unless and until Brough paid the discounted note. It is admitted that Brough did not pay that note at all, but that Mr. McDowell paid it himself. If Mr. McDowell therefore is believed, the payment was only conditional; and never became absolute so as to become a credit upon the note, which is simply saying that a note taken as conditional payment, ceases to be payment as soon as it is dishonored, and the plaintiff being believed, is entitled to your verdict for the whole amount of his claim."

The verdict was for the plaintiff for $5442.38.

On the removal of the case to the Supreme Court by the defendant, he assigned for error the admission of the evidence objected to and the answers to his points.

[Greenawalt v. McDowell.]

*J. McD. Sharpe* and *F. Kimmell,* for plaintiff in error.—The evidence was inadmissible, being to prove an intention not an act—it was not to prove fraud, accident or mistake: Stine v. Sherk, 1 W. & S. 195; Cozens v. Stevenson, 5 S. & R. 421; Sennett v. Johnson, 9 Barr 335; Miller v. Fitchthorn, 7 Casey 252; Miller v. Smith, 9 Id. 386; Hill v. Gaw, 4 Barr 493; Monongahela Navigation Company v. Fenlon, 4 W. & S. 209; McDermott v. United States Insurance Company, 3 S. & R. 604; Iddings v. Iddings, 7 Id. 110; Bollinger v. Eckert, 16 Id. 422. The plaintiff having gone security for Peter, to raise money for his own accommodation and having endorsed it on the note, must be taken to have intended it in satisfaction: Musgrove v. Gibbs, 1 Dallas 216; Richabaugh v. Dugan, 7 Barr 394; Covely v. Fox, 1 Jones 171; Dougherty v. Hunter, 4 P. F. Smith 380; Watts v. Willing, 2 Dallas 100; Heath v. Page, 12 Wright 130. The facts show that the plaintiff gave time to the principal and thus discharged the surety: Clippinger v. Creps, 2 Watts 45; Manuf. & Mech. Bank v. Bank of Pennsylvania, 7 W. & S. 335; Talmage v. Burlingame, 9 Barr 21; Miller v. Stem, 2 Jones 383; Brubaker v. Okeson, 12 Casey 519; Myres v. Wells, 5 Hill 463. The action was suspended until the other note should be paid: Kendrick v. Lomax, 2 Cromp. & Jer. 405; Walton v. Mascall, 13 M. & W. 452; Baker v. Walker, 14 Id. 465; Price v. Price, 16 Id. 232; Fellows v. Prentiss, 3 Denio 518; Putnam v. Lewis, 8 Johns. 389; Gould v. Robson, 8 East 576; Chitty on Bills 442, 100, note A; Bayley on Bills 345, note 1; Hulme v. Coles, 2 Sim. 12; Price v. Edmunds, 10 B. & C. 578; Michigan Bank v. Leavenworth, 28 Vt. 208; Hart v. Hudson, 6 Duer 294; Okie v. Spencer, 2 Wharton 253; Mercer v. Lancaster, 5 Barr 160; Small v. Jones, 8 Watts 265; Burden v. Halton, 4 Bing. 454; Parker v. United States, 1 P. C. C. 267.

*Kennedy & Stewart,* for defendant in error.—The evidence was admissible: Batdorf v. Albert, 9 P. F. Smith 61. The presumption is that the note was taken as collateral security and not in satisfaction: Kean v. Dufresne, 3 S. & R. 233; Weakly v. Bell, 9 Watts 278; Bank of Pennsylvania v. Potius, 10 Id. 150; Oliphant v. Church, 7 Harris 319; Kirkpatrick v. Muirhead, 4 Id. 117; Shaw & Leigh v. The Church, 3 Wright 226; Heath v. Page, 12 Id. 130. A bill taken as conditional payment ceases to be payment as soon as dishonored. Price v. Price, 16 M. & W. 231; Dayton v. Trull, 23 Wendell 345.

The opinion of the court was delivered, July 7th 1870, by

READ, J.—This is a suit on a joint and several promissory note, payable to the plaintiff or order, on demand, for $6000, with interest from date, November 28th 1864, and signed by Peter

[Greenawalt *v.* McDowell.]

Brough, Samuel F. Greenawalt, the defendants, and John A. Brough, the two latter as security.

Upon this note payments were made of a year's interest on the 11th December 1865, of another on the 14th January 1867, and of $1399.27 on the 23d September 1867.

Mr. McDowell, intending to go West, wanted some money from Peter Brough, who raised it on the 12th September 1867, by getting their joint and several note for $2500, payable ninety days after date, discounted at the banking house of Austin, Elder & Fletcher, the proceeds being paid over to the plaintiff, amounting to $2420.42.

When Brough paid this note, he was to have credits for the amount on the $6000. This he never did, but the note for $2500 was taken up and paid by the plaintiff, leaving the $6000 unpaid, except so far as the before-mentioned payments reached.

Mr. McDowell said, " I put the receipt for the money on the note in suit the day before I went away, which was 23d September 1867." The receipt was in these words : " Received, September 12th 1867, of Peter Brough, per William S. Fletcher, $2420.42, on a note of $2500 for ninety days, for which I went security. ALEX. E. McDOWELL."

Speaking of this, Mr. McDowell said : " The credit was not put on the note in pursuance of any agreement with Brough ; we never spoke of it after we came out of the bank that day. I put the credit on because I was about to start West, and was going to leave the note behind with my son, and I thought something might happen, or that the note might be renewed and kept alive, and there was not much risk."

There was nothing in the objection to the admission of the parol testimony of the plaintiff to explain the receipt and the attending circumstances, and we think the court were perfectly right in refusing to affirm the defendants' points, for there was nothing showing any suspension of the right of action on the original note, much less any extinguishment or satisfaction of any part of it. The judge's charge is clear and satisfactory.

Judgment affirmed.