## Bixler & Correll v. J. B. Lesh, Appellant.

*Contracts—Construction—Province of court and jury.*

If a contract is verbal, it is, of course, the exclusive province of the jury to ascertain what the parties meant; if it is in writing, its construction is for the court. The sense of words used in connection with what the parties intended to express by them is exclusively for the jury.

*Promissory notes as payment of debt—Presumption—Question for jury.*

If one indebted to another gives his negotiable promissory note for the amount without any new consideration, the acceptance of the note does not operate as payment or satisfaction, unless so intended by the parties, and this is a question for the jury if there be any evidence going to show such intention.

Argued Jan. 13, 1898. Appeal, No. 22, Jan. T., 1898, by defendant, from judgment of C. P. Lackawanna Co., Jan. T., 1895, No. 221, on verdict for plaintiffs. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover amount due on book accounts. Before GUNSTER, J.

It appears from the record and evidence that judgment had been entered on a judgment note given as collateral security for certain goods and merchandise sold by plaintiffs to defendant. Subsequent to the sale the defendant gave to the plaintiffs certain promissory notes; it being alleged that these notes were given in payment of the book account and also of the judgment note which it was agreed should be returned to the defendant. The judgment note having been entered up a motion was filed and rule granted to show cause why judgment should not be opened. Upon consideration of this rule the court granted an order that an issue be made up by the plaintiffs declaring on

460　　BIXLER & CORRELL *v.* LESH.

Statement of Facts—Opinion of the Court. [6 Pa. Superior Ct.

their book accounts and filing copy thereof, and the defendant making answer within ten days thereafter as to what, if any, part to said account they have any defense.

Verdict and judgment for plaintiffs for $223.82. Defendant appealed.

*Errors assigned* were, (1) In refusing to open judgment. (2) Refusing binding instructions for defendant; (3) In charging the jury as follows: " The plaintiffs testify that the notes were received by them in lieu of the book account, in partial satisfaction of the book account—that the notes were accepted not in payment but in partial satisfaction." (4) In charging the jury as . follows: " The plaintiffs testify that the notes were received by them only in partial satisfaction, and that they received only fifty dollars on the note. If these plaintiffs accepted these notes in satisfaction of their book account, then the book account is paid, because they took the notes. If you believe that they did not accept them in satisfaction of the book account, and that they simply received them in the usual course of business, as a man would accept a note as a promise to pay the debt that is due him, then the debt would not be paid, and it is for you to say."

*A. A. Vosburg* of *Vosburg & Dawson*, for appellant.—The doctrine that where there is a scintilla of evidence the case must be submitted to the jury, has been exploded: Express Co. v. Wile, 64 Pa. 201.

Where a charge is misleading, the judgment will be reversed. Collins v. Leafey, 23 W. N. C. 264; Fawcett v. Fawcett, 95 Pa. 376 ; Canal Co. v. Harris, 101 Pa. 80.

Questions should not be submitted to the jury, without evidence : Furniture Co. v. School Dist., 122 Pa. 494 ; Cunningham v. Smith, 70 Pa. 450.

*E. Warren*, for appellees submitted no paper book.

OPINION BY RICE, P. J., February 19, 1898 :

The defendant gave the plaintiffs a judgment note as collateral security for goods he was about to purchase. The goods were delivered, and subsequently he gave three bank notes for

the amount of the account and the discount.    Later he applied
for a rule to show cause why the judgment should not be opened.
After hearing upon depositions, the court discharged the rule,
but awarded an issue to determine the amount due for or on
account of goods sold and delivered.    No dispute arose on the
trial of the issue as to the amount of the account or as to the
actual payments, the sole defense being that the bank notes
were given and accepted in full payment of the book account,
and, therefore, the plaintiffs should have sued on the notes.

It is a general rule of law that if one indebted to another
gives his negotiable promissory note. for the amount without
any new consideration, the acceptance of the note does not oper-
ate as payment or satisfaction, unless so intended by the par-
ties, and this is a question of fact for the jury if there be any
evidence going to show such intention: Hart v. Boller, 15 S. &
R. 162; Brown v. Scott, 51 Pa. 357; Seltzer v. Coleman, 32
Pa. 493; Kemmerer's Appeal, 102 Pa. 558; Walker v. Tupper,
152 Pa. 1; Dougherty v. Bash, 167 Pa. 429.

It is argued that there was nothing for the jury to decide
because there was no dispute about the fact that the notes were
given and accepted in payment.    This depends upon the con-
struction to be put on the plaintiffs' version of the transaction.
One of them testified that they were taken "not in payment,
but in partial satisfaction."    The plaintiffs' witness who took
the notes described the transaction thus : " Well, he said he had
no money, so I told him I had come for a settlement of the bill,
and the best thing I asked him if he could give notes.    He
said he would and he signed them right there."    When asked
on cross-examination what he took the notes for, he answered :
"Partial payment on the bill."    Assuming the correctness of
this version, what did the parties intend in giving and accept-
ing the notes in "partial" payment or "partial" satisfaction of
the accounts?    Evidently not that they were a complete extin-
guishment of the account, nor that they were a satisfaction of
a particular part of it, for no part was mentioned.    A probable
meaning of the language is that they were taken as a condi-
tional payment; that is to say, if or when they were paid.
This, however, was a question for the jury, and the court could
not have declared that they were taken as absolute payment
without usurping their functions.    "The sense of words used

in connection with what the parties intended to express by them is exclusively for the jury to determine:" Maynes v. Atwater, 88 Pa. 496. " If the contract is verbal, it is, of course the exclusive province of the jury to ascertain what the parties meant; if it is in writing, its construction is for the court :" Forrest v. Nelson, 108 Pa. 481. Other cases to the same effect are cited in Speers v. Knarr, 4 Pa. Superior Ct. 80. The question as to what the parties said and what they meant was left to the jury in a clear and impartial charge, of which the defendant has no reason to complain.

All the assignments of error are overruled and the judgment is affirmed.