# Philadelphia *v.* Howell, Appellant.

*Principal and surety—Extension of time—Acceptance of note.*

In an action against a surety on a bond where the defendant testifies that plaintiff accepted from the principal debtor a note in full settlement of the debt, and the plaintiff denies the statement, and testifies that the note had been received through the mail, and that there had been no agreement or understanding that it should be received in payment of the original claim, the case is for the jury, and a verdict and judgment for the plaintiff will be·sustained.

Where a creditor takes from his debtor a note payable at a future day on account of his claim, the law raises no implication that he agrees to give time until the maturity of the note for the payment of the original debt; but an agreement must be proved as a fact dependent upon the understanding of the parties at the time when the new security was given and received.

In an action upon a bond, defendant testified that the plaintiff had accepted a note in payment of the original claim, and had never afterwards asked him to pay the account. He also testified that he did not know that the plaintiff was claiming anything from him until he was informed that his surety had been sued. *Held,* that it was proper for the court to permit the plaintiff, in rebuttal, and to contradict defendant, to offer the record of a proceeding in the court of common pleas which established that the witness had, during the period to which his testimony related, been actually served with a writ of summons, and that he had permitted judgment to be entered against him for the full amount of the claim upon the original contract.

Argued Oct. 29, 1901. Appeal, No. 171, Oct. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1899, No. 985, on verdict for plaintiff in case of Philadelphia to use of Josiah Thompson, trading as J. Thompson & Company, v. Louis O. Howell, Jr., and National Surety Company, a Corporation under the laws of the State of New York. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER JJ. Affirmed.

Assumpsit to recover the price of material furnished to complete a municipal contract. Before WILLSON, J.

At the trial, the defendant, Howell, testified that on October 3, 1898, the plaintiff accepted a note drawn by Frank S. Zane, who was a stranger to the transaction, for $260.70, at

sixty days to said defendant's order and indorsed by him, together with $2.75 in cash as full payment in satisfaction of all indebtedness due from the said defendant to the said plaintiff, and that the said note was subsequently renewed by a new note drawn by said Frank S. Zane to the said defendant Howell's order and indorsed by him and accepted by the said plaintiff Thompson; plaintiff admitted that he had received the said note and the renewal thereof, but denied that he had accepted it in full payment and satisfaction of the original debt due by Howell to himself, and testified that the first note had been sent him by Howell and accepted by him without any agreement or conversation whatsoever in regard to the terms of its acceptance.

The court charged in part as follows:

[I must say further that if you find in the evidence anything which leads you to believe that the plaintiff here agreed to wait any time, to give to the defendant Howell any time upon the reception of the note, if he in any way tied his hands by receiving that note so that he could not, under the principles which I have stated to you, proceed at once, if he had chosen, upon his original claim against Howell, in that case, the surety would be relieved, because the surety is not responsible for obligations of principal if the one who owes those obligations, the creditor, gives any favor to the principal which might possibly imperil the interests of the surety. He is bound to keep himself in a position in which he can move promptly at any time against the principal, or the surety is relieved. If he gives time, if he gives any indulgence, if he precludes himself from moving at any time he pleases, then the surety is relieved.] [1]

Plaintiff presented these points:

1. The mere acceptance by the plaintiff from the defendant Howell of Zane's note for the existing indebtedness is not absolute but only conditional payment of the original debt, defeasible in the dishonor or nonpayment of the note, and in that event the defendants remain liable for the original debt, unless the jury believe that there was a special agreement to the contrary. *Answer:* I understand that is a mere repetition of what I have already said to you. [2]

The burden is on the defendant to show such a special agreement to the contrary. *Answer:* I affirm that. [3]

Verdict and judgment for plaintiff for $260.92.    Defendants appealed.

*Errors assigned* among others were (1, 3) above instructions, quoting them.    (7) Admission in evidence of record mentioned in the opinion of the Superior Court.

*Howard W. Page*, of *Page & Page*, with him *Martin V. Bergen, Jr.*, for appellant.—The acceptance by the plaintiff, Thompson, of Zane's note, drawn to the order of the defendant, Howell, and duly indorsed by Howell, for the amount of Howell's indebtedness to Thompson, in the absence of evidence of any express agreement between Thompson and Howell for the extension of the time of payment of the original indebtedness, raised a legal inference that Thompson was not to sue Howell upon the original indebtedness until the note fell due, and thereby discharged the surety: Okie v. Spencer, 2 Wharton, 252; Sawyers v. Hicks, 6 Watts, 76; Com. v. Shryock, 15 S. & R. 69; Walters v. Swallow, 6 Wharton, 449; First Associated Reformed Presbyterian Church v. Shaw, 39 Pa. 225.

It is unquestioned that a judgment is not conclusive as to the facts therein decided or on which it is based except against parties and privies to the judgment, and that the surety company in this case is not in the position of a privy to the original judgment: Res publica v. Davis, 3 Yeates, 128.

A fact capable of contradicting a witness only by means of an inference, which the jury had no right to draw from it, is inadmissible : Snover v. Titman, 37 Legal Int. 316 ; Parry v. Parry, 130 Pa. 94; Cannell v. Smith, 142 Pa. 25; Wright v. Cumpsty, 41 Pa. 102, 110.

*Arthur S. Arnold*, for appellee.—The case at bar is ruled, governed and controlled by the case of Philadelphia v. Stewart, 195 Pa. 309.    See also Phœnix Brewing Co. v. Rumbarger, 131 Pa. 251, Shaw v. First Associated Reformed Presbyterian Church, 39 Pa. 256, and Buck v. Wilson, 113 Pa. 423.

Nothing short of a clearly understood agreement founded on a sufficient consideration, to give time for a definite period that is binding on the creditor, and prevents him from suing the principal, will discharge the surety : Peoples' Bank v. Legrand,

103 Pa. 309; Shaffstall v. McDaniel, 152 Pa. 598; Phœnix Brewing Co. v. Rumbarger, 181 Pa. 251; Philadelphia v. Stewart, 195 Pa. 309; Hutchinson v. Woodwell, 107 Pa. 509.

The record of the case of Josiah Thompson v. Louis O. Howell, C. P. No. 1, September term, 1899, No. 481, was properly admitted by the court in rebuttal for the purpose of contradicting the testimony of the defendant Howell: Roland v. Eckman, 12 Pa. Superior Ct. 75; Zugsmith v. Rosenblatt, 15 Pa. Superior Ct. 296.

OPINION BY W. D. PORTER, J., January 21, 1902:

The defendants did not, in the court below, deny that they had been liable to plaintiff, but asserted that the original liability had been extinguished by the acceptance of a new obligation. Howell was the principal and the National Surety Com pany was surety in a bond, under the condition of which they had become liable to the plaintiff. The plaintiff accepted from Howell, the principal debtor, upon account of the claim, a note made by Zane payable to the order of Howell and by him indorsed, due sixty days after date. Howell testified that the plaintiff had "agreed to take the note in full settlement of that account." The plaintiff categorically denied this statement, and said that the note had been received through the mail and that there had been no agreement or understanding that it should be received in payment of the original claim. This question of fact was submitted by the learned judge of the court below to the jury, with instructions which were clear and adequate, and the jury having found in favor of the plaintiff, we must accept the question as determined adversely to the contention of the defendants: Holmes v. Briggs, 131 Pa. 233; Shepherd v. Busch, 154 Pa. 149; Collins v. Busch, 191 Pa. 549; Philadelphia v. Stewart, 195 Pa. 309. The defendants offered no testimony of any express agreement between the parties for an extension of time of payment of the original indebtedness, but the learned court also submitted the question of such extension to the jury, with instructions possibly more favorable to the defendant than the evidence warranted, saying: "I may say further that if you find in the evidence anything which leads you to believe that the plaintiff here agreed to wait any time, to give to the defendant Howell any time

upon the reception of the note, if he in any way tied his hands by receiving that note so that he could not, under the principles which I have stated to you, proceed at once, if he had chosen, upon his original claim against Howell, in that case the surety would be relieved." This question was determined by the jury in favor of the plaintiff. The appellants now contend that the mere acceptance of the note, without further evidence of an agreement, raised the legal inference that the plaintiff was not to sue Howell upon the original indebtedness until the note fell due, and that the surety was thereby discharged. Where a creditor takes from his debtor a note payable at a future day on account of his claim, the law raises no implication that he agrees to give time, until the maturity of the note, for the payment of the original debt; but the agreement must be proved as a fact, dependent upon the understanding of the parties at the time when the new security was given and received. The court could not say that the acceptance of the note amounted to an agreement to give time for the payment of the original debt. In the absence of any evidence as to an agreement upon the subject the presumption is that the new security is taken as collateral to the old, and the rights of the creditor upon the original obligation remain unchanged: Shaw v. First Associated Reformed Presbyterian Church, 39 Pa. 226; Buck v. Wilson, 113 Pa. 423. The first six specifications of error are dismissed.

Howell, having testified that the plaintiff had agreed to accept the note of Zane in payment of the original claim, went further and said that the plaintiff never afterwards asked him to pay the account. "After he received that note he never bothered me again for that account. Q. When did you first hear that he claimed anything at all of you? A. Mr. Taylor or Mr. Smith, of the National Surety Company, wrote me a letter and informed me of the fact that he had sued the National Surety Company for the amount." The witness, it is true, became very much confused in his cross-examination, but his admissions did not go to the full extent of conceding that the direct and absolute assertions made upon his examination in chief were untrue. We are of opinion that it was proper for the court to permit the plaintiff, in rebuttal, to offer the record of a proceeding in the court of common pleas, which established

that the witness had, during the period to which his testimony related, been actually served with a writ of summons and that he had permitted judgment to be entered against him for the full amount of the claim upon the original contract. The seventh and eighth assignments of error are without merit.

The judgment is affirmed.