# Hummelstown Brownstone Company *v.* Knerr.

*Promissory   notes—Payment—Collateral—Extension   of   time—Presumption.*

Where a creditor takes from his debtor a note payable at a future day, on account of his claim, the law raises no implication that he agrees to give time until the maturity of the note, for the payment of the alleged debt, but the agreement must be proved as a fact.

Nothing is better settled than that in the absence of any special agreement to the contrary, the mere acceptance by a creditor from his debtor of a note or check of a third person to the creditor's order, for a pre-existing indebtedness, is not absolute but merely conditional payment, defeasible on the dishonor or nonpayment of the note or check, and in that event the debtor remains liable for his original debt.

*Promissory   notes—Payment—Principal   and   surety—Bond—Municipal contract.*

In an action by a subcontractor against a municipal contractor and his sureties on a bond given for the faithful performance of the contract and for payments to all persons supplying the contractor with labor or material, the sureties have no ground for defense merely because the plaintiff received from the contractor certain notes, where there is nothing to show that the notes were accepted as payment, or that any unreasonable extension of time was given, or that the original obligation was in any way changed.

Argued Dec. 10, 1903.   Appeal, No. 223, Oct. T., 1903, by William Buechley et al., from judgment of C. P. Schuylkill Co., Jan. T., 1903, No. 136, on verdict for plaintiff in case of Hummelstown Brownstone Company v. Harry Knerr, William Buechley, Frank Esterly and Daniel Esterly. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a bond.   Before SHAY, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $778.94, defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*James B. Reilly* and *W. J. Whitehouse*, with them *N. S. Farquhar*, for appellants.

H. O. Bechtel, for appellee.

OPINION BY ORLADY, J., July 28, 1904:

Harry Knerr secured a contract for the construction of a public building in the city of Altoona, under the terms of which he gave a bond for the faithful performance of its conditions and that he would " promptly make payments to all persons supplying him labor or materials in the prosecution of the work contemplated by said contract."

The other named defendants became his sureties in said bond. The plaintiff in this action made a contract to furnish certain material, cut stone, work, etc., for the sum of $4,550, which was fully performed on its part.  Payments on account of this contract were made by Knerr and a balance of $737.13 remained unpaid.  This action was brought to recover against the sureties. The principal defendant was not served, and the debit side of the account was admitted to be correct by the defendants at the time of the trial.  Their only contention being that after Knerr and the plaintiff company had agreed upon the balance due, which at that time amounted to $1,137.13, Knerr gave his note to the plaintiffs for that amount at sixty days, and on its maturity gave a new note for a like sum at thirty days, on which he subsequently paid $400 in cash, and then another note for the balance due was given at sixty days, which was not paid at maturity ; the sureties were then notified of the default of Knerr, and a demand made upon them for payment.

The statement filed clearly shows that the suit is upon the book account and avers " that the items composing and constituting said claim are more fully and particularly set forth in the statement hereto attached and made a part hereof."  The several notes were sent by Knerr to the plaintiff by mail, and there is no evidence in the case tending to show that they were either tendered or accepted as payment on account of the debt. They were treated by the plaintiff as bills receivable and were so carried, without any actual or expressed agreement on the subject.

" Where a creditor takes from his debtor a note payable at a future day, on account of his claim, the law raises no implication that he agrees to give time until the maturity of the note, for the payment of the alleged debt, but the agreement must

be proved as a fact:" Buck v. Wilson, 113 Pa. 423; Bixler v. Lesh, 6 Pa. Superior Ct. 459.

Nothing is better settled than that in the absence of any special agreement to the contrary, the mere acceptance by a creditor from his debtor of a note or check of a third person to the creditor's order, for a pre-existing indebtedness, is not absolute but merely conditional payment, defeasible on the dishonor or nonpayment of the note or check, and in that event the debtor remains liable for his original debt: Collins v. Busch, 191 Pa. 549.

It is not shown in this case that the sureties were in any manner prejudiced by the taking of the notes of Knerr, and the extension of time given to him by the plaintiffs is not urged as unreasonable. The original obligation was not changed in any way. The bond on which the action is founded was not for the payment of any amount at a fixed time. Nothing was due when the bond was given. It had reference to future dealings only, and as the giving of the notes, under the facts, did not suspend action on the original debt until the maturity of the notes, they would only be considered as collateral security therefor: United States v. Hegeman, 204 Pa. 438; Philadelphia v. Howell, 19 Pa. Superior Ct. 76.

There was no fact in dispute on this branch of the case, and without some evidence that the notes were given and accepted in payment of the debt or that an extension of time was promised, the plaintiff's right to recover was founded upon the application of legal principles, and the court was justified in directing a verdict in its favor.

The judgment is affirmed.