## DeRoy's Estate.

Argued October 8, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Harvey Morton Aronson,* for appellant.—Sale of the notes of the old partnership by the Bank of Pittsburgh to the new partnership discharged the estate of decedent from all liability to the bank: Wolff v. Stover, 107 Pa. 206; Diller v. Brubaker, 52 Pa. 498.

By filing proof of claim as an unsecured creditor of the new partnership, in bankruptcy, and accepting composition settlement thereon, the bank abandoned any rights it had against decedent's estate in connection with the notes of the old partnership held as security for the

indebtedness of the new partnership: Murray v. Hernrick, 171 Pa. 21; Kelly v. Kauffman, 18 Pa. 351.

*J. Garfield Houston*, for appellee.—Abe DeRoy's estate is liable to the bank on the old notes themselves: Hill v. Voorhies, 22 Pa. 68, 73; Real Est. Invest. Co. v. Smith & Russel, 162 Pa. 441; Rhodes v. Terheyden, 272 Pa. 397, 400.

A pledgee has the right to maintain suit to enforce payment of a pledged chose in action: Farmers Nat. Bank v. Nelson, 255 Pa. 455.

It is true that under the terms of the collateral note contract the bank as pledgee had an expressed power of sale; but under such circumstances the pledgee, at his option, may enforce the pledged collateral by suit: 49 Corpus Juris 1020; Flat Top Nat. Bank v. Parsons, 90 W. Va. 51.

Abe I. DeRoy's estate is liable to the bank on the guaranty: Greenawalt v. McDowell, 65 Pa. 464; Hummelstown Co. v. Knerr, 25 Pa. Superior Ct. 465; Second Nat. Bank of Mechanicsburg v. Graham, 246 Pa. 256, 261; Kaufmann v. Rowan, 189 Pa. 121; Newburgh Nat. Bank v. Bigler, 83 N. Y. 51.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1931:

If we regard only the form which the transaction took, out of which this controversy arises, we might be involved in a maze of legal difficulties, but if our judgment is based on its actualities and purpose, the complexities vanish.

Abe I. DeRoy, whose estate is being distributed, in his lifetime was a member of the copartnership of S. H. DeRoy & Co. Israel DeRoy, also a member of the firm, was the maker of notes to the order of the firm and endorsed by it for the aggregate sum of $59,400, on which there is now due $28,504.87. In addition to the firm's endorsement, payment of these obligations was by sep-

arate writing guaranteed to the Bank of Pittsburgh, National Association, the holder of them, and claimant here against the estate of Abe I. DeRoy, by Ave I. DeRoy and other members of the copartnership individually. The guaranty recited that its consideration was the discounting or purchasing by the Bank of Pittsburgh, National Association, from time to time of promissory notes made or endorsed by S. H. DeRoy & Co.

Abe I. DeRoy died. The bank held the notes which became or were likely to become overdue. The surviving partners continued in business as a new firm. The new copartnership gave its notes to the bank for the amount due on those owing by the old firm, and the bank retained the old firm's notes as collateral security. It was testified that the understanding in making this arrangement was to hold the estate of Abe I. DeRoy on his guaranty. It is said by appellant that the transaction was a sale by the bank to the new firm of the notes of the old one and it is true that this is the form it took and there was testimony to this effect; but this form was only the camouflage. The new firm did not pay the old notes. What it did was to give its notes to the bank, which the latter discounted and the proceeds of these new notes, as a matter of bookkeeping, were credited to the old firm. This saved the bank from carrying the old firm's notes as overdue paper. Payment in commercial paper constitutes only conditional payment, and since conditional payment does not discharge the original indebtedness, it does not discharge the surety for such indebtedness: 50 C. J., page 103; Greenawalt v. McDowell, 65 Pa. 464; Hummelstown Brownstone Co. v. Knerr, 25 Pa. Superior Ct. 465; Second Nat. Bank of Mechanicsburg v. Graham, 246 Pa. 256. It was never intended to wipe out the liability of Abe I. DeRoy's estate, quite the contrary, the intent was to continue it. A reservation of rights by the creditor against the surety under the circumstances here appearing will preclude a discharge of the surety: 50 C. J., page 116; Ibid., page

183; Kaufmann v. Rowan, 189 Pa. 121. Subsequently the new firm became bankrupt and on a composition the bank received 45% of the amount due to it. On distribution of the estate of Abe I. DeRoy, it presented the amount remaining due to it as a claim against his estate on his endorsement of the notes of the old firm and on his individual guaranty thereof. The court below allowed the claim and from its allowance comes this appeal by Aaron DeRoy, a creditor of the estate.

The whole argument of appellant is based upon the fiction of the sale of the notes of the old firm by the bank to the new one. As before stated, this was the form of the transaction for bank bookkeeping purposes, but actually there was no sale, the notes never left the bank, no money was paid for them, the new firm gave its notes, the bank made some bookkeeping entries and the old notes were treated as collateral for the new, with the intent at all times in the minds of the parties that the obligation assumed by Abe I. DeRoy for the old notes should be maintained.

On the assumption that the notes of the old firm were sold to the new, appellant builds up the argument that their sale and payment in the manner outlined discharged the estate of the decedent from all liability to the bank, because his liability became fixed by death and extended solely to the payment of the notes of the old partnership and did not cover those given by the new one, upon the principle referred to in 50 C. J., "Principal and Surety," section 156, page 96, that a surety for a partnership cannot be held for debts or obligations incurred after a change in the personnel of the firm. The argument fails, because in our opinion there was no actual sale or payment of the old notes, and, as to the new ones, no liability of the decedent is claimed, —the claim is on the old ones.

A further argument is made that the bank, by filing a proof of claim as an unsecured creditor of the bankrupt new partnership and accepting the composition settle-

ment, abandoned any rights it had against the decedent's estate in connection with the notes of the old partnership which it held as security for the new. This argument proceeds upon the assumption that the bank was a secured creditor of the new partnership by virtue of its holding the old notes and that the old notes had come into the ownership of the new firm, and therefore, under the Bankruptcy Act passed to the trustee in bankruptcy of the new firm. As we have stated above, the old notes did not in fact become the property of the new firm and hence this argument also fails.

The decree of the court below is affirmed.