First National Bank of Plymouth *v.* Jones'
Estate (Jones, Admr., Appellant).

Argued April 12, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*W. L. Pace*, with him *Stanley B. Jones*, for appellant.

*Thomas M. Lewis*, with him *Henry Greenwald*, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 15, 1939:

Appellee bank held a note on which William L. Jones, appellant's decedent, was one of two accommodation endorsers for Frank E. Schaule. Jones having died before the note matured, appellee obtained several new notes from Schaule, endorsed by the survivor. This was done without the knowledge of appellant. Appellee continued to carry on its books the original note on which Jones was endorser. After default on the last new note given, appellee sued his estate for the balance due on the original instrument. Appellant contends that it was discharged by the acceptance of the new notes and by an extension of time to the maker. The

trial judge heard the case without a jury and entered judgment for the bank.

Three questions are presented which will be discussed. The contention that the note was rendered nonnegotiable by the endorsers' confession of judgment is sufficiently answered by the Negotiable Instruments Law of May 16, 1901, P. L. 194, Section 47. It is immaterial on this appeal, however, whether the instrument is negotiable or nonnegotiable, considering the terms of the endorsement or assignment executed by decedent.

The evidence shows that the new notes were given as collateral security for payment of the original note. It is a customary practice of banks to take new notes in this manner, as collateral, where one of the endorsers dies and it is desired to hold his estate liable. The effect of the new notes was a question of fact, the presumption being that they were given solely as collateral: *Second National Bank v. Graham*, 246 Pa. 256, 261; *Harr, Secy. v. Fairmount Foundry*, 331 Pa. 59, 62; *Peoples National Bank v. Bartel et al.*, 128 Pa. Superior Ct. 128, 131-132; Brannan, Negotiable Instruments Law Annotated (5th ed. 1932), page 917. See also *DeRoy's Estate*, 305 Pa. 541. As stated by Judge VALENTINE: "At the argument of the exceptions, defendant's counsel urged that the action of the bank in accepting other notes as collateral or additional security for the indebtedness, indicated by the note upon which suit was brought, released the estate of the deceased endorser. This contention is without merit. *Second Natl. Bank v. Graham*, 246 Pa. 256; *Harr v. Fairmount Foundry*, 331 Pa. 59. The notes accepted by the bank were not 'renewal' notes and their acceptance did not release the endorser."

Even if the original note were nonnegotiable, the result would be the same. A guarantor or surety is not released by the creditor's acceptance of additional security from the principal debtor after the maturity of the obligation, unless a binding agreement to extend the time of payment is entered into: *Shaw & Leigh v. The*

*First Associated Ref. Presby. Church*, 39 Pa. 226; *Hutchinson v. Woodwell*, 107 Pa. 509, 520; *Brewing Company v. Rumbarger et al.*, 181 Pa. 251, 257; *Easton School Dist. v. Continental Cas. Co.*, 304 Pa. 67, 71; *Philadelphia v. Howell*, 19 Pa. Superior Ct. 76, 80; and see *Plummer et al. v. Wilson*, 322 Pa. 118, 122-123.

It was not error for the trial judge to refuse an amendment of the affidavit of defense at the trial so as to admit the plea of nonjoinder. See *Boyle v. Breakwater*, 239 Pa. 577, 580; *Loughrey v. Penna. R. R. Co.*, 284 Pa. 267, 271; *Pullinger v. Yeager*, 301 Pa. 7, 11-12; 4 Stand. Pa. Prac., page 59; and see, Act of May 14, 1915, P. L. 483, section 20. The endorsers were also payees and under the Act of May 16, 1901, P. L. 194, Section 68, "Joint payees . . . who endorse are deemed to endorse jointly and severally": *Peoples Nat. Bank v. Pettebone*, 19 Luz. 426; *National Bank v. Jones*, 8 Lehigh 144. When the note was endorsed or assigned, although the blanks were not filled in, the writing gave the bank "the same right to collect from *me*" (payee, endorser, assignor) as the holder would have against the maker or makers of the note. As the court below said: "This language is equivalent to an expression of a promise to pay in the first person singular, and where, as here, such promise is signed by two persons the obligation is joint and several. This is especially so in view of the fact that the language of the endorsement sued upon does not indicate that the endorsers or assignors are not so bound. The question is ruled by Restatement of the Law of Contracts, Sections 115 [1] and 116 [2] . . . ." And

---

[1] "Where a promise in a written contract is expressed in the first person singular, but the contract is signed by several persons, they are jointly and severally bound in the absence of express words in the instrument to the contrary."

[2] "Joint payees or joint indorsees of a negotiable instrument who indorse the same are jointly and severally bound in the absence of express words in the instrument to the contrary."

see Brannan, op. cit. supra at page 767; *Hodgens v. Jennings,* 133 N. Y. S. 584.

Appellant contends that the specific findings of fact are insufficient to support the judgment. The procedure under the Act of April 22, 1874, P. L. 109, Section 2, as amended July 10, 1935, P. L. 640, Section 1, does not require all of the subsidiary and ancillary facts to be listed separately by the trial judge. Counsel should request such findings in the proper way if he believes their absence might prejudice his case. See *Hall & Co., Inc., v. Lyon, Singer & Co.,* 286 Pa. 119, 121. All that a trial judge need find are the material facts controlling the issues raised: *O'Brien v. Sovereign Camp, W. O. W.,* 122 Pa. Superior Ct. 39, 46. The court specifically found that the note in suit was never cancelled nor surrendered, and this was a sufficient basis for the conclusion of the court below that it was not discharged by the new notes.

Judgment affirmed.