Chadwick, Appellant, v. Hepburn.

Argued November 12, 1942.

KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Roland J. Christy,* for appellant.

*David F. Maxwell,* for appellee.

OPINION BY STADTFELD, J., February 1, 1943:

This is a proceeding under the Act of June 16, 1836, P. L. 784, Section 28, brought in the Court of Common ·Pleas of Philadelphia County by Elinor Starr Chadwick, individually and as executrix of the estate of J. Harker Chadwick, deceased, for a rule upon Earle Hepburn, an attorney of that court, to turn over papers, records and books pertaining and relating to petitioner individually, and as executrix of the estate of J. Harker

Chadwick, deceased, held by respondent, and to account to petitioner for all sums collected, received, owed or withheld from petitioner in respect to the estate of J. Harker Chadwick, deceased.

The facts so far as necessary to state in this opinion are correctly set forth in the opinion of the court below, from which we quote as follows: "The petition avers: Petitioner is the executrix of J. Harker Chadwick, deceased, and respondent is a member of the Philadelphia Bar, but not of the Montgomery County Bar; that petitioner retained respondent to render professional services to her individually and as an executrix. She agreed to pay and respondent agreed to accept for all of such services a certain oriental rug. On July 9, 1941, she discharged him and requested him to deliver all papers and other documents in his hands to her newly engaged counsel, but respondent refused to turn over these documents. She also charges a failure to account for certain moneys received by him on her behalf. The object of the petition is a rule under the Act of 1836 requiring respondent to turn over all the papers and documents belonging to petitioner individually and as executrix.

"Respondent denies that he agreed to accept the oriental rug as full payment and claims a substantial amount due him for the services rendered to petitioner individually and as executrix. He claims an attorney's lien on the papers and documents in his hands and denies that he has any moneys belonging to petitioner for which he has not accounted in full. He sets up a detailed statement of his services and claims a fee of $1500 for services to plaintiff as executrix and $1375 for his services to plaintiff individually. He further claims that the oriental rug was received by him from petitioner not in payment of any fee but in satisfaction of a claim due him by the decedent in the sum of $300 for money borrowed by the decedent from the respond-

ent. He also avers that he has turned over to petitioner all papers belonging to her individually.

"After the first hearing the court announced that in its opinion respondent had no right to a lien for services performed for petitioner as executrix and directed him to turn over to her all papers pertaining to the estate of J. Harker Chadwick, deceased. This verbal order has already been complied with and no decree on this head is necessary.

"There was considerable doubt in the court's mind as to its right to pass at this time upon the other phases of the controversy, but both parties requested the court to do so and since a large part of testimony had been heard before the question was raised, the court agreed to hear the balance of the testimony and decide the matter so far as it could.

"1. The court cannot determine the fee due for services rendered to petitioner, as executrix. The matter is within the exclusive jurisdiction of the Orphans' Court in Montgomery County.

"2. There were some services performed personally for petitioner by respondent, and in accordance with the request of the parties the court has made a determination as to the fees due for these services.

"We find that the services performed by respondent for petitioner were valuable services; that under the agreement of the parties he was entitled to be paid for them. His payment should not be based upon his contingent fee contract with petitioner but he should receive a fee of $600 for those services.

"3. Much testimony was taken concerning a certain rug. We make no finding as to the value of the rug, or as to whether respondent is entitled to retain it. In the absence of the consent of the parties, which we do not have, title to the rug can be determined only in the Orphans' Court of Montgomery County, or in an action of replevin or perhaps some other method. It

cannot however be determined under a petition under the Act of 1836, supra, which applies only to papers and documents.

"Similarly, we do not pass upon title to the rug or the rights to the parties to this petition to dispose of, transfer, or accept a transfer of that title. We do determine, however, that the parties did not agree, with full knowledge of the facts that the rug should be accepted in full payment of respondent's fee. This appears from Mrs. Chadwick's testimony.

"The court enters no further decree because it has jurisdiction in this matter only by consent of the parties ...... We have determined only the one matter which we feel we can determine in this proceeding, namely, whether respondent is entitled to a fee for the services, performed for petitioner personally, and what the amount of that fee should be." ʼ

Requests ex parte petitioner for findings of fact and conclusions of law were not passed on or answered by the trial judge.

Exceptions to the adjudication of the court and the petition of Elinor Starr Chadwick as executrix were dismissed and judgment entered in favor of respondent in the sum of $600. This appeal followed.

The assignments of error relate, inter alia: (1) The entry of judgment in the sum of $600 in favor of appellee, Earle Hepburn, and the dismissal of the petition of appellant as executrix of the estate of J. Harker Chadwick. (3) The refusal of the court below to answer petitioner's requests for findings of fact. (4) The refusal of the court below to pass on petitioner's request for conclusions of law. (6) The refusal of the court below to order the return of the 10′8″ x 7′ Kermanshah rug to petitioner as executrix. (9) The failure of the court to award costs to executrix.

As to the assignment of error No. 1, it is not disputed that valuable services were rendered to petitioner by

the respondent, nor that $600 is a fair and reasonable sum for the services rendered. Appellant claims that the respondent accepted the oriental rug in payment for his services and that he forfeited his right to a fee by unprofessional conduct.

A careful examination of the record discloses no competent evidence in support of either contention. The findings of a court without a jury are as conclusive as the verdict of a jury if supported by legally competent evidence.

As to the assignment of error No. 6, the court below refused to make any finding as to the value of the rug in dispute or as to whether the respondent is entitled to it. Under the present proceedings it had no jurisdiction to pass thereon. In this we agree with the action of the court.

Under the stipulation of the parties the sole question was whether respondent was entitled to a fee for services rendered to petitioner individually and if so the amount thereof. The question of title to the rug will at the proper time be passed on by the Orphans' Court of Montgomery County.

Appellant misapprehends the jurisdiction and procedure under Section 28 of the Act of June 16, 1836 P. L. 784. The pleadings consist of a petition and answer on which the parties may take depositions or in lieu thereof the court below may hear the testimony personally. The latter course was followed in the instant case. The court may thus properly determine upon the petition and answer whether there is a debt, and if so, how much, and where necessary may also enter a money judgment for the amount of any fee concluded to be due. The answer is the respondent's statement of claim to which petitioner is not requested to file a reply unless she sees fit.

In the instant case the court below under the stipulations of the parties was warranted in finding the

amount, if any, due the respondent and enter judgment thereon.

The petitioner (appellant here) filed 35 requests for findings of fact, and 3 requests for conclusions of law, which relate principally to the transactions between petitioner and respondent. She relies upon the Act of July 10, 1935, P. L. 640, Sec. 1 (12 P.S. §689) which requires the decision of the court to state "the answers to any points submitted in writing by counsel and the conclusions of law ......" The trial judge discussed and found facts and reached conclusions of law covering the controlling questions in controversy. More was not necessary: *Huron, Appellant v. Schomaker et al.,* 132 Pa. Superior Ct. 462, 1 A. 2d 537; *First Nat. Bank of Plymouth v. Jones' Estate,* 334 Pa. 577, 6 A. 2d 273.

The legislature in the Act of June 25, 1937, P. L. 2090 §1 (12 PS 695) [1] provided: "In all civil actions hereafter brought in the courts of common pleas in and for the judicial district comprising Philadelphia County ...... If both parties ...... have filed agreements that the case may be tried by a judge without a jury, it shall be so tried under such rules of procedure as the said several courts of common pleas shall prescribe."

The Courts of Common Pleas of Philadelphia County by Rule 231, did prescribe, inter alia, as follows: "(2) The adjudication of the trial judge may consist only of his decision of the case, but he may include also, such other matters as he deems desirable." No provision is made in said Rule 231 for answering points submitted in writing by counsel and the conclusions of law.

Appellant contends that the Act of June 25, 1937,

---

[1] This Act of 1937 repealed the Act of April 22, 1874, P. L. 109, of which the Act of July 10, 1935, P. L. 640 was an amendment, in so far is it related to trials by a court without a jury in the Court of Common Pleas of Philadelphia County.

and Rule 231, supra, are violative of Sec. 7, Art. III, Constitution of Pennsylvania, relating to trial of non-jury cases, which provides: "The General Assembly shall not pass any local or special law. ...... Regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, aldermen, justices of the peace, sheriffs, commissioners, arbitrators, auditors, masters in chancery or other tribunals, or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate: ......" and refers to *Opening of Ruan Street*, 132 Pa. 257 in support of his contention.

That case has been explained in *Gottschall, Appellant v. Campbell*, 234 Pa. 347, 83 A. 286, in the opinion by Mr. Justice Potter, from which we quote: "The objection that the legislation is local and special would be unanswerable, were it not for the fact that the constitution itself has made a classification with reference to the creation, regulation and powers of the courts, in which the County of Allegheny is treated as a distinct division, and the County of Philadelphia as another, and in each of which counties the courts as to their needs and requirements are distinguished from the remaining counties of the state." Likewise on p. 355: "Obviously, the constitution classified the county of Philadelphia, as being distinct from other parts of the state, for the very purpose of permitting legislation affecting the courts of Philadelphia county, without including other parts of the commonwealth where the conditions and needs of the people are different. The same is true as to Allegheny county. Each of these counties was given the right to stand in a class by itself, in so far as legislation affecting its courts is concerned." The latter case clearly answers the question of constitutionality.

We see no error which would warrant a reversal of

the order of the court below.  The costs necessarily follow the judgment.

Judgment affirmed.