## J. K. LINDSEY v. J. A. STRANAHAN.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON
PLEAS OF MERCER COUNTY, IN EQUITY.

Argued October 16, 1889—Decided October 28, 1889.

Where no express contract is made for payment to a partner for his personal services in the partnership business, the law will not imply one.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 93 October Term 1889, Sup. Ct.; court below, No. 2 September Term 1887, C. P. in Equity.

On March 13, 1885, an amicable submission in account render, wherein J. K. Lindsey was plaintiff, and James A. Stranahan was defendant, was executed for the settlement of a partnership business carried on by the parties under the name of J. K. Lindsey & Co. By the submission it was agreed that it should have the force and effect of a bill in equity filed by the plaintiff for the dissolution of the partnership and the appointment of a receiver; and two persons, D. W. Leese and B. Magoffin, were agreed upon and chosen with power to act as examiners and masters in equity, and to state an account between the parties.

After a hearing, the masters agreed upon a report, portions of which were as follows:

1. That on the . . . . . day of December, 1876, the said J. K. Lindsey and James A. Stranahan formed a copartnership under the firm name of J. K. Lindsey & Co., and engaged in the book and stationery business in the borough of Mercer. Prior to that date, the said J. A. Stranahan had been carrying on said business alone, and the partnership was formed by Lindsey buying from Stranahan the one half interest in the stock of goods which said Stranahan then had on hands.

2. That after the copartnership had thus been formed, the said Stranahan left and intrusted to the said Lindsey the entire management and control of the business, which continued during the period of the partnership.

3. No express agreement or contract was made by said partners that either of them was to receive compensation for services rendered by either of them in the business of the partnership; but as Lindsey took credit for his services from time to time on the books of the firm, and such books were open to the inspection of Stranahan, he must be presumed to have known the fact and to have assented thereto; and, as it is not to be presumed that the said Lindsey would render his services in managing the affairs of said partnership for nothing, we, therefore, find as a fact that there was an implied contract that Lindsey should receive such compensation for his services as they were reasonably worth.

—In the account stated by the masters and accompanying their report, J. K. Lindsey, the plaintiff, was credited with " salary, $3,700."

To the report of the masters the defendant filed exceptions, specifying that the masters erred, inter alia :

1. In finding there was an implied agreement for payment for the services rendered by plaintiff, and in allowing plaintiff the sum of $3,700 for his services.[1]

9. In not finding as a matter of law that the plaintiff was not entitled to compensation for his services, in the absence of an express contract.[2]

Upon the foregoing exceptions the masters reported as follows :

The first and ninth exceptions of the defendant, being those that bear on compensation to Lindsey for services, may be considered together. Fault is found with us because we did not find that Lindsey was not entitled to compensation, there being no express contract between the parties to that effect; and, second, in finding that there was an implied agreement that he should be so compensated; and the wholesome rule that the law never undertakes to measure and settle between partners the relative value of their unequal services is invoked and urged as decisive against the rulings of the masters on this point. We are referred to Story on Partnership, 6th ed., §§ 182–185, where the principle invoked is laid down. But it will be observed that the reason of the rule is founded, as the author says, on the implied obligation in every partner to exercise due diligence and skill and to devote his services and labors for the promotion of the common benefit of the concern, and hence they are to receive no reward or compensation unless expressly stipulated for. To the same effect is the doctrine laid down in Beatty v. Wray, 19 Pa. 516. See last paragraph of Opinion of Court. In other words, where both partners are active in managing the partnership business, neither can claim compensation, no matter how much greater the services of one may be than the other; in such a case, the law will make no distinction between their services. But is that the rule where one partner leaves and entrusts the entire management and

control of the partnership business to his co-equal partner, whilst he engages actively in other pursuits not connected with the partnership business at all? Would not the maxim, Cessante ratione, cessat lex, apply in such a case? As there is the implied obligation in every partner to devote his services to the partnership, does it not necessarily follow that where one leaves the entire management to his copartner and devotes his time and attention to other business, there is the implied agreement that the managing partner shall receive reasonable compensation for his services? Otherwise, the managing partner might require his copartner, who took no part in the management of the business, to account for profits he may have made in other ventures, when his services should have been devoted to partnership affairs. That an agreement that a partner shall receive compensation for services may be implied from the course of dealings between the partners, is ruled in Marsh's App., 69 Pa. 30. It was also ruled in said case that where a partner withdrew his services from the partnership, on a settlement of the firm account, he was chargeable with the value of his services. In this case we were asked to find by the defendant, and have found, that Mr. Stranahan left and intrusted to Lindsey the entire management and control of the business, during the entire period of the partnership. To say, in the face of that fact, that Lindsey, a co-equal partner, was to devote his time and attention to the partnership business and receive no compensation therefor, except a share of the profits, and Stranahan could give his time and attention to other business and receive the same compensation as Lindsey, is little short of absurd. We have no hesitancy, therefore, in dismissing the exceptions on this point and in affirming our former ruling, that from the course of dealings between these partners there was the implied understanding that Mr. Lindsey should have reasonable compensation for the management of the partnership business.

On June 18, 1887, the submission, the master's report and account stated, the testimony, the supplemental report and exceptions, were filed to the number and term of the court below. After argument of the exceptions, the court, McMICHAEL, J., 17th district, to whom the cause was referred, filed an

opinion wherein, citing Story on Partnership, 6th ed., § 182; Beatty v. Wray, 19 Pa. 516; Brown v. McFarland, 41 Pa. 129; Gyger's App., 62 Pa. 73; Brown's App., 89 Pa. 139; Reybold v. Dodd, 1 Harr. 401 (26 Am. Dec. 401), the defendant's said exceptions were sustained, and a decree entered modifying the account stated accordingly. Thereupon the plaintiff took this appeal, specifying that the court erred:

1, 2. In sustaining the defendant's exceptions.[1] [2]

*Mr. S. Griffith* (with him *Mr. S. B. Griffith*), for the appellant.

Counsel cited: Marsh's App., 69 Pa. 30; Lewis v. Moffatt, 11 Ill. 392; Reynolds v. Mardis, 17 Ala. 32; Moritz v. Perbles, 4 Smith, E. D., 135.

*Mr. Jas. A. Stranahan,* for the appellee, was not heard.

PER CURIAM:

There is but a single question in this case: Is J. K. Lindsey, the plaintiff, entitled to compensation for his services as a partner?

It is conceded that there was no express contract that he should be paid for such services, and there is no principle better settled than that the law will not imply a contract in such cases. The reason is that the partner is but attending to his own affairs. This rule is inexorable; as much so as that between parent and child. Were it otherwise, we might have a contest between the partners upon the settlement of every partnership account, as to the value of their respective services. It is true this principle may work hardship in particular cases; almost every general rule does, but that is a weak argument against the soundness of the rule. When the co-partnership agreement contemplates that one partner shall manage the business, or do more than his share of the work, it is easy to provide for his compensation in the agreement itself; and if no such stipulation is then made, as before said, the law will not imply one. Even where a liquidating or surviving partner settles up the business, it has been repeatedly held that he is not entitled to compensation for doing so, although, in such case, he performs all the services: Beatty v.

Wray, 19 Pa. 516; Brown v. McFarland, 41 Pa. 129; Gyger's App., 62 Pa. 73; Brown's App., 89 Pa. 139.

Judgment affirmed.