# James A. McNeilan's Estate. James Waddell's Appeal.

*Partnership—Declarations—Evidence.*

The existence of a partnership may be proved by the separate declara-
tions of each of the alleged partners.

Argued April 3, 1895. Appeal, No. 242, Jan. T., 1895, by
James Waddell, from decree of O. C. Phila. Co., Oct. T., 1894,
No. 8, dismissing exceptions to adjudication. Before Ster-
rett, C. J., Green, McCollum, Mitchell and Fell, JJ.
Affirmed.

Exceptions to adjudication.

At the audit before Penrose, J., James Waddell claimed
the sum of $2,000, which he alleged he had loaned to decedent.

The point in dispute was whether the money had been loaned
to decedent, or whether it was a contribution to a partnership
between claimant and decedent, formed for constructing sewers.
Witnesses on behalf of the estate testified that the claimant
had stated that he was a partner of the decedent in the build-
ing of certain sewers, and one of the witnesses stated that claim-
ant had declared that he was to furnish the money, and the
decedent to furnish the labor, the profits. to be divided. The
auditing judge found as a fact that there was a partnership ;
that the money was furnished as a contribution to it ; and that
its affairs had not been settled, and disallowed the claim.

Exceptions to the adjudications were dismissed by the court,
Ferguson, J., filing the following opinion :

" The question in this case is, whether the sum of $2,000,
which was paid to the decedent by the claimant, was a loan or
a contribution to the capital of the business which they both
proposed to enter into and carry on as partners. If it was the

latter, this court would have no jurisdiction until the affairs of the partnership were settled, and the amount found to be due from one to the other ascertained; but if it was a loan, the claimant would, of course, be entitled to come in with the other creditors and claim his dividend out of the balance for distribution. The auditing judge has found that this money was not a loan, but a contribution to the capital of a business. As this was a pure and simple question of fact, his finding, like the verdict of a jury, must stand, unless clear error be made to appear.

" The allegation of error in this case is, that the finding of the auditing judge was based upon the admissions of the alleged partners, which, it was contended, without other facts, was not sufficient to establish a partnership. We think the contrary has been laid down as the law : 'An admission made by any one that he is a member of a particular partnership is evidence of that fact against him,' Lindley on Partnership, § 87, and our Supreme Court have laid down the same rule. In Scull's Appeal, 115 Pa. 150, they say : ' The existence of a partnership may be proved by the separate declarations of each of the alleged partners,' and in Reed v. Kremer,.111 Pa. 482 : ' The partnership might be established by the several admissions of all those who are alleged to compose it, or by the admissions of one, and the acts and declarations of the others.' We think that the admissions were sufficient to establish the partnership.

" The exceptions are dismissed and the adjudication confirmed."

*Error assigned* among others was above decree.

*J. Campbell Lancaster*, for appellant.—The simple admission of one that he was a partner is not sufficient evidence upon which the finding of the existence of a partnership can be made : Norton v. Seymour, 3 C. B. 792 ; Nicholls v. Dowding, 1 Stark. 81 ; Alderson v. Clay, 1 Stark. 405.

*Alfred Frank Custis*, for appellee.—A partnership may be proved by admission of a party so far as he himself is concerned : Taylor & Fitzsimmons v. Henderson, 17 S. & R. 453 ; Reed, Crane & Co. v. Kremer & Co., 111 Pa. 482 ; Brown v. Beecher, 120 Pa. 590 ; Scull's App., 115 Pa. 141.

Per Curiam, April 22, 1895:

The controlling question in this case was whether the $2,000, paid by appellant to the decedent, was a loan or a contribution to capital of the business in which they proposed to engage and carry on as partners. The learned auditing judge found it was a contribution to the capital of said business and not a loan. In this he was sustained by the court in banc. We find nothing in the record that would justify us in sustaining any of the specifications of error; nor do we think that either of them requires special notice. The decree is affirmed on the opinion of the court in banc dismissing appellant's exceptions and confirming the adjudication.

Decree affirmed and appeal dismissed with costs to be paid by appellant.