## Philo N. French, John A. Butz and Jonas R. McClintock *v.* The Pittsburg Vehicle & Harness Company. Appeal of Armand C. Hess.

*Receivers—Trustee selling to his own firm—Surcharge—Trusts and trustees.*

A receiver who sells personal property of his estate at less than the appraisement to a partnership which he, at the time of the sale, contemplates entering after the termination of his receivership, and which he subsequently does actually enter, is properly charged with the difference between the appraised value of the property and the amount which he receives for it.

*Receiver—Surcharge—Evidence.*

A receiver is properly surcharged with goods included in the inventory, but which he claims were really the property of other persons, where the clerks by whom the inventory and appraisement were made are not called to testify, although in the city at the time of the hearing.

Where a receiver sells a leasehold under an agreement by which the purchaser assumes the rent from the date of the sale, and the receiver continues to pay the rent until the day of the delivery of the leasehold, he will be surcharged with the rent paid from the date of the sale to the date of the delivery.

Argued Nov. 2, 1897. Appeal, No. 146, Oct. T., 1897, by Armand C. Hess, from order of C. P. No. 3, Allegheny Co., Nov. T., 1893, No. 513, overruling exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor, E. E. Kiernan, Esq.

From the report of the auditor it appeared that on October 9, 1893, A. C. Hess was appointed receiver of the Pittsburg Vehicle & Harness Company. Among the property that passed into his hands was a lease known as the Williams lease, which the receiver sold to Murphy & Hamilton under an agreement by which the purchasers were to assume the rent from the date of sale. The receiver, however, continued to pay the rent to the day of delivery of the leasehold premises. The auditor surcharged him with the amount paid from the date of sale to the date of delivery.

The auditor further found that the stock of goods of the Pittsburg Vehicle & Harness Company was appraised at $5,115.25, and that on November 25, 1893, the receiver presented his petition to the court stating that the goods were of such character that they could not be carried from one season to another without great depreciation in value; that during the winter there was no sale for such goods and that McGowan and Pepper had offered $2,006.42 for said stock, good-will and leasehold, and asked for an order to sell the same to said McGowan and Pepper at that price. The court granted the order and the sale was made accordingly. The auditor surcharged the receiver with the sum of $2,909.15, the difference between the appraised value of the goods and the amount received for them. This surcharge was made for the reason that at the time of the making of said sale to McGowan and Pepper the receiver had his arrangements made to become a partner in said firm, and that he afterwards did become a partner in that firm.

Other facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*Samuel McClay*, with him *J. H. Baldwin* and *James W. Collins*, for appellant.—The conduct required of a trustee is that of an ordinary man; that of one having common skill, prudence and caution: Neff's App., 57 Pa. 96; Fahnestock's App., 104 Pa. 46.

A trustee will never be surcharged for a loss arising from mere error of judgment and from no wilful default: Pleasanton's App., 99 Pa. 362.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 3, 1898:

The subjects of complaint in this appeal are certain surcharges against the appellant, Armand C. Hess, receiver of the defendant company, made by the learned auditor and approved by the court below.

It is proper to say, in limine, that appellant was not surcharged for any loss arising from mere error of judgment. Ex-

ceptions to his account embracing errors of judgment only were dismissed by the auditor, as appears by his report. Other exceptions of a graver character were sustained by both auditor and court; and a careful examination of the record clearly shows that the appellant has not been treated by them with undue severity. The uncontradicted evidence as to his sale to the Pittsburg Cycle Co. proves the existence of facts and circumstances which justly imposed on him the burden of proving that the transaction was one of fair dealing, and that the price was not inadequate. Mr. Pepper, a member of the purchasing firm, testified that, "at the time of the purchase from Mr. Hess (the appellant) in November, 1893, it was understood that he (Hess) was to become a member of the Pittsburg Cycle Co. after he was released from the receivership. He afterwards became a member, and is so now." Appellant him self testified: "As to the firm of Pepper & McGowan, (trad ing as the Pittsburg Cycle Co.) it was formed in the latter part of November, 1893. It consisted of Pepper and McGowan, with the understanding that they were to employ me at a sal ary of $1,200 a year, and later,—as soon as the Vehicle & Harness Co. was wound up,—to admit me as a partner." The rule prohibiting trustees from purchasing at their own sale, without previous permission, applies with much force to a transaction such as this. The learned auditor accordingly surcharged appellant with the difference between the appraised value of the goods and the amount for which they were sold, as aforesaid, to the Pittsburg Cycle Co. soon after the appraisement was made. In the absence of any sufficient explanatory evidence on behalf of appellant, he has no just reason to complain of this.

As to the allowance claimed by appellant for bicycles included in the inventory, but which he alleged were left for repairs only and did not belong to the assignor company, the auditor rightly held that the claim for allowance was not substantiated. The clerks by whom the inventory and appraisement were made were not called to testify, although they were in the city at the time of the hearing. In view of all the circumstances disclosed by the evidence, the credit claimed was properly disallowed.

The credit claimed for payment on the Williams lease was also properly disallowed. The order of court authorizing the sale of the leasehold required the purchaser "to assume the ground

rent on the premises from the date of sale." The purpose of the subsequent proceedings on this lease was not to authorize a second sale, but to substitute another, in lieu of the first purchaser, on the same terms, as appears from the fact that the first purchaser joined in the petition expressly requesting such substitution. Further discussion of the questions involved in this appeal is unnecessary. They are all destitute of merit, and none of the specifications is sustained.

Decree affirmed and appeal dismissed at appellant's costs.