# Murphy, Appellant, *v.* Marvel.

*Partnership—Dissolution—Compensation of liquidating partner.*

1. Where an agreement provides that a partner shall receive a fixed compensation for attending to the business of a firm engaged in active business, the dissolution of the firm terminates the operation of such a covenant and any right of compensation under it.

2. Where the partnership has been dissolved by agreement, and one of the partners liquidates the assets without continuing the operations of the business as a going concern, this compensation is not to be determined by the salary which he received under the partnership articles.

Argued Nov. 22, 1911.  Appeal, No. 190, Oct. T., 1911,

by plaintiff, from decree of C. P. Chester Co., in Equity, No. 525, on bill in equity in case of Samuel H. Murphy v. Percy A. Marvel et al., trading as the Kennett Brick Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for receiver and accounting between partners. Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

It is determined and ordered that plaintiff may not make any change or deduction for services rendered to and in respect of the property of the partnership, after December 6, 1909.

*Error assigned* was decree of the court, quoting it.

*George B. Johnson,* for appellant.—The mere institution of a suit for dissolution and accounting does not dissolve the firm, nor vest title to firm assets in firm creditors or in anyone in their behalf: Brown v. Gray, 17 Pa. Superior Ct. 563; Marye v. Jones, 9 Cal. 335; Naglee v. Minturn, 8 Cal. 540; Bagnetto v. Bagnetto, 51 La. Ann. 1200 (25 So. Repr. 987); Ross v. Titsworth, 37 N. J. Eq. 333.

The bringing of an action for the dissolution of a partnership and for an accounting, does not constitute an election on the part of plaintiff to exercise his right to dissolve the partnership which was one at will: Brady v. Powers, 112 N. Y. App. Div. 845 (98 N. Y. Supp. 237); Everhart v. Everhart, 8 Luz. Leg. Reg. 217; Bachman v. Einhorn, 12 Phila. 391; Harris v. Donavan, 50 Pitts. Leg. J. 286.

As the rule that denies compensation to a partner for services during its life or in its liquidation rests upon the implied intention of the parties in entering into the partnership, it will not be applied when the parties have expressly agreed that compensation may be had; nor if the circumstances show an implied agreement for compensation: Garretson v. Brown, 185 Pa. 447; Gray v. Hamil, 82

Ga. 375 (10 S. E. Repr. 205); Pierce v. Cubberly, 19 Ind. 157; Utley v. Smith, 24 Conn. 290; Zell's App., 126 Pa. 329; McCullough v. Barr, 145 Pa. 459; Lee v. Davis, 70 Ind. 464; Lassiter v. Jackman, 88 Ind. 118; Paine v. Thacher, 25 Wend. 450.

*J. Frank E. Hause,* with him *Daniel C. Donoghue,* for appellees.—When, "the business under this partnership" and for which the appellant was to receive $20.00 per week to manage, ceased, the compensation likewise ceased. Thereafter Murphy was a liquidating partner and inasmuch as no agreement to compensate him for his services as liquidator was made, or even alleged to have been made, he can recover nothing: Gyger's App., 62 Pa. 73; Brown's App., 89 Pa. 139; Book v. O'Neil, 2 Pa. Superior Ct. 306.

OPINION BY PORTER, J., March 1, 1912:

The parties, plaintiff and defendants, had been associated as a partnership, operating and owning a brick manufactory and selling the product thereof. The plaintiff filed this bill, on December 6, 1909, averring that he had given notice of dissolution of the partnership, which notice had been accepted by the defendants, and that the parties were "unable to agree upon the method to be pursued in winding up and liquidating said copartnership and its said business and assets, and are also unable to agree upon the accounts existing by and between the parties hereto, and their connection with and relation to said partnership." He prayed for the appointment of a receiver to take possession of and convert the assets of the firm into cash and distribute them among the creditors and the surplus to the partners as their interest might appear; for an accounting between the partners; and for an injunction restraining the parties from attempting to interfere with the partnership property. The defendants filed an answer admitting that the partnership had been dissolved and joining in the prayer of the plaintiff, for the

appointment of a receiver. The bill was not pressed to a decree and no injunction was issued. The plaintiff assumed the right to dispose of the firm assets and did so. He subsequently filed a supplemental bill and the matter was so proceeded in that an account was stated between the partners. The only question raised by this appeal is the right of the plaintiff to be compensated at the rate of $20.00 per week, from December 6, 1909, to April 1, 1910, for his services as liquidating partner. The learned judge of the court below held, under the pleadings and evidence, that the plaintiff was not entitled to such compensation during that period, and from that decree the plaintiff appeals.

When no express contract is made for payment to a partner for his services in the partnership business, the law will not imply one, Lindsey v. Stranahan, 129 Pa. 635; Delp v. Edlis, 190 Pa. 25, and this applies to a liquidating partner as well as to one engaged in the management of an active business: Garretson v. Brown, 185 Pa. 447, 460. The parties to this controversy had, in March, 1908, entered into a written agreement "to form a partnership for the purpose of engaging in the manufacture and sale of brick, this partnership to be known as The Kennett Brick Company and shall continue from the date of these presents until dissolved by mutual consent or otherwise." That agreement contained the following covenant: "Samuel H. Murphy is to be in sole charge of the operation and management of the business under this partnership, and will be paid for his services as manager $20.00 per week for the first year, and after one year such compensation as may be agreed upon." Upon this covenant alone the appellant asserts a right to compensation after the partnership had by his own act been dissolved. The appellant upon the expiration of the first year of the company's operations submitted to the firm a written statement of the results of those operations, in which he expressed his willingness to "continue in my present position at the same salary for another year." The other partners, so far

as indicated by the evidence, made no reply to this offer, but they made no objection in the court below to the allowance of his compensation at the rate named, down until the time when the partnership was dissolved, by the act of the plaintiff, in the following November. The contention of the plaintiff is that the covenant of the original agreement that he was "to be in sole charge of the operation and management of the business under this partnership, and will be paid for his services as manager $20.00 per week for the first year," constituted a hiring for an entire year, and that his continuance beyond the expiration of the first year constituted a hiring for an additional year, or an agreement to compensate him for his services as managing partner during an entire year. This covenant of the original agreement is to be construed in the light of all the other covenants of the contract. The business of which this appellant was to be the manager was the partnership business, of a firm of which he was a member. The contract expressly provided that the partnership was to continue only "until dissolved by mutual consent or otherwise." Under this agreement it was in the power of any one of the partners to dissolve the partnership at any time, and such dissolution would put an end to the business and to the right of the appellant to compensation for supervision of its operation and management. This appellant, according to the averments of his bill which are not controverted by the answer, himself took the initiative and notified the other members of the firm of the dissolution of the partnership, and they acquiesced in his action. The plaintiff did not in his bill pray that the court decree that the partnership be dissolved, that was unnecessary, for the partners had already exercised their legal right to dissolve it. The services of the appellant for which the contract provided that he should receive compensation were the supervision and management of the operations of a going manufacturing establishment, the business of an active firm. No manufacturing was done by the firm after the plaintiff filed

his bill, all that was done was to liquidate the assets. When an agreement provides that a partner shall receive a fixed compensation for attending to the business of a firm, engaged in active business, the dissolution of the firm terminates the operation of such a covenant and any right of compensation under it: McCullough v. Barr, 145 Pa. 459.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.