WILLIAM E. MOUNT

*v.*

CHARLES T. E. MATTHEWS and BESSIE L. LESTER.

[Decided May 17th, 1926.]

1. Section 82 of the Chancery act, providing a fine not exceeding $50 for contempt, applies only in cases where the proceeding for contempt is instituted for the purpose of affording relief *inter partes*, and to compel obedience to an enforceable order of the court. It has no relevancy where the proceeding is strictly punitive in character, and is instituted for the sole purpose of punishing a person guilty of contemptuous conduct with respect to the authority and dignity of the court.

On appeal from an order of the court of chancery.

839

*Mr. Charles E. Cook,* for the appellants.

*Mr. Howard S. Higginson,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This appeal is taken from an order of the court of chancery, made in a proceeding instituted by the respondent, the purpose of which was to obtain an adjudication that the appellants were guilty of contempt in purposely and deliberately disobeying a prior order of that tribunal.

An examination of the case discloses the following situation. Mount, the respondent, in January, 1925, recovered a judgment against the appellant Matthews. Prior to its recovery, however, Matthews made and executed to the appellant Lester a chattel mortgage covering all of his personal property, the alleged purpose of which was to secure to her a debt of $2,010.97, due to her for services rendered by her to him. Upon the entry of his judgment the respondent caused an execution to be issued thereon and a levy to be made upon the property covered by the chattel mortgage. He then filed a bill in chancery attacking the *bona fides* of the mortgage, and seeking to have it declared invalid as against his judgment. In the meantime, Mrs. Lester, the mortgagee, had advertised the sale under her mortgage of the property covered thereby, the date fixed for the holding thereof being the day after the filing of the bill of complaint. In this situation, the court of chancery made an order restraining the sale until the further action of the court, and a copy of this order was served on each of the appellants prior to the hour fixed for the sale. In disregard of its terms, Mrs. Lester held the sale, under the advice of Matthews, and thereupon the proceedings now under review was instituted. At the termination of the hearing had thereon the court adjudged the appellants guilty of contempt, and made an order imposing upon Mrs. Lester, as a punishment for her contumacious conduct, a fine of $100, and upon

Matthews, for his contempt, a fine of $200. The order also directed Mrs. Lester to account to the respondent for all of the proceeds of the sale received by her in excess of the amount required to satisfy the mortgage.

The first ground upon which we are asked to reverse the order under review is that the action of the court in imposing the fines of $100 and $200 was *ultra vires* and in violation of section 82 of the Chancery act. The provision of that section is as follows:

"To enforce obedience to the process, rules and orders of the court of chancery, where any person shall be in contempt * * * he shall, for every such contempt, and before he be released or discharged from the same, pay to the clerk in chancery, for the use of this state, a sum not exceeding $50 as a fine for the said contempt; and the said person, being in court upon process of contempt, shall stand committed and remain in close custody until the said process, rule or order shall be obeyed and performed, and said fine so imposed for such contempt, with the costs, be fully paid."

But, as pointed out by this court in the case of *Frank v. Herold, 64 N. J. Eq. 372,* this statutory provision is applicable only in cases where the proceeding for contempt is instituted for the purpose of affording relief *inter partes; i. e.,* to compel obedience to an enforceable order of the court. It has no relevancy where the proceeding is strictly punitive in character; in other words, is instituted for the sole purpose of punishing a person guilty of contemptuous conduct with respect to the authority and dignity of the court. That the present proceeding is of the latter character is made manifest by the fact that obedience to the order which was violated ceased to be possible as soon as the violation occurred. Under the principle of the case cited, the punishment prescribed by the order now under review was a lawful exercise of the power inherent in the court of chancery.

It is further argued that the defendant Matthews could not possibly be adjudged in contempt, because the sale forbidden by the order was not made by him, but by the mortgagee. He, however, was a party to the litigation in which the restraining order was made. It applied to him as well as to Mrs. Lester, and the proofs showed that it was largely

by reason of his advice that it was violated by her. In this situation the court was entirely justified in punishing him.

Counsel for the appellants, although admitting in his brief that the court was justified in requiring the defendant-mortgagee to account to the respondent for the surplus moneys derived from the chattel mortgage sale, contends that there was error in not excepting from such accounting the sum of $200, which, it is asserted, are moneys belonging to Matthews and free from any claim of the respondent, by reason of the fact that Matthews is a married man, having a family, and is a resident of this state; and also contends that the court further erred in not reserving from the accounting the sum of $319.81, which, he asserts, was the amount of a tax which had been assessed upon and levied against the mortgaged property. The complete answer to these contentions is that there was no proof before the court of chancery that Matthews was a married man, and no legal evidence that a tax had been assessed against and levied upon the mortgaged property.

Lastly, it is argued (although the power of the court to direct the accounting is admitted, as has been stated) that the order therefor should not be enforced, for the reason that to do so would be to determine the very question involved in the litigation over the validity of the chattel mortgage. We are unable to perceive the force of this suggestion. The moneys involved in the accounting are the surplus moneys remaining from the proceeds of the sale after the satisfying of the mortgage. Mrs. Lester is permitted for the present to retain so much of the moneys resulting from that sale as will pay her debt. Whether she is legally entitled to continue to retain these moneys is the question involved in the main litigation, and the solution of which depends on whether or not the making of the mortgage was a fraud upon the respondent, to which she was a party. Clearly, she has no claim whatever to retain possession of the surplus money remaining in her hands in excess of the amount necessary to satisfy her mortgage, and she holds it in trust either for the respondent or for her mortgagor, Matthews.

The order under review will be affirmed.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, White, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 14.

*For reversal*—None.