Curtis *v.* Mankus; Appellant.

Argued January 8, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederick J. Knaus* and *William H. Peace,* for appellant.—The learned court below was without power to appoint a master (called an auditor) and refer the matter of accounting to him: Palethorp v. Palethorp, 184 Pa. 585; Chester Traction Co. et al. v. Phila., 180 Pa. 432; Yetter v. R. R., 206 Pa. 485; Lincoln v. Africa, 228 Pa. 546.

When plaintiff filed exceptions to defendant's account, it was the duty of the court below to set the cause down on the next equity trial list for the taking of evidence, or on the next argument list if only legal matters were to be considered.

What is not claimed and set forth in the bill may not be proved: Delp v. Edlis, 190 Pa. 25; Lindsey v. Stranahan, 129 Pa. 635; Modern Baking Co. v. Orringer, 271 Pa. 152.

Profits are not determinable until all claims of creditors are either paid or fully liquidated.

It was error for the court below to finally dispose of the matter by the entry of the final decree against appellant while there were certain outstanding, unliquidated assets of the partnership.

It was error of the court below in entering a final decree in the absence of separate and distinct findings of fact and conclusions of law, both in the report of the auditor and its own decree: Com. v. Mitchell, 80 Pa. 57; Lewars v. Weaver, 121 Pa. 268; Carpenter v. Boro., 208 Pa. 396.

The equity rules contemplate a continuous trial as at law; such a trial would have been without cost to the parties, other than the usual costs incident to a trial.

*Edward E. Dicker*, for appellee.—The auditor was properly appointed: Crennell v. Fulton, 241 Pa. 572; Traction Co. v. R. R., 180 Pa. 432.

The fee was proper: Stocker v. Hutter, 143 Pa. 19; Guckenheimer & Bros. Co. v. Kann, 243 Pa. 75.

OPINION BY MR. JUSTICE SADLER, January 28, 1929:

Curtis, plaintiff, and Mankus, defendant, orally agreed to form a partnership to buy real estate, erect houses thereon, and sell the finished dwellings. Misunderstandings led to a demand by the former for the termination of their relationship, and a settlement of the firm affairs. He filed a bill praying for a dissolution, and an accounting by Mankus, who had carried on the financial transactions connected with the business in his own name. The court was also asked to restrain further interference by him with the assets, and a preliminary injunction so directing was granted after hearing.

No appearance was entered for defendant within fifteen days, as required by the equity rules, where service of the bill has been made, and, on motion, a decree pro confesso was entered, the court finding the existence of the partnership, its dissolution, and that funds remained in the hands of Mankus payable to plaintiff. He was ordered to file an account within thirty days, but the paper subsequently submitted was so incomplete and involved as to make the fixing of a correct balance impossible. In view of the complicated nature of the accounts,

covering many items of receipts and disbursements by defendant, aggregating in all more than $100,000, the court was asked to appoint an auditor to state the proper debits and credits, and fix the amount, if any, due the plaintiff. No exception to this action of the court was entered. The assessor selected called his first meeting for hearing the parties on February 27, 1926.

On the 9th of April following, the defendant presented a petition asking leave to submit a new and more detailed account, and requested that the appointment of the so-called auditor be vacated, claiming it was made without authority under the equity rules. An answer was filed by plaintiff denying the legal conclusion, and again excepting to the new statement submitted. The rule to show cause, granted at the instance of defendant, was discharged, and to this order an exception was taken. Many hearings were then had to determine the proper sums chargeable to Mankus, and the credits to which he was entitled. Some of the matters in conflict were disposed of by agreement of the parties, but as to many others the dispute was such as to require testimony in reaching a proper decision. A calculation was finally reached determining there was due to the plaintiff the sum of $9,814.16. Exceptions, and others supplemental thereto, were filed, which resulted in a finding that the correct balance was $4,189.79, which conclusion was later approved by the chancellor after consideration of the complaints made by the defendant.

From the final order to pay the sum fixed, this appeal was entered, which, by thirteen assignments of error, disputes the conclusions of law and fact. The testimony taken before the auditor has not been printed, and this agreement appears of record: "It is hereby stipulated between the parties hereto, that the defendant herein [appellant] will not press or argue any matter of fact found by the auditor, but will confine himself to the legal conclusions to be drawn from the facts as found by him, hence the testimony upon which such findings of

fact were made by him, support him, and therefore need and will not be printed." When, by agreement, no testimony has been placed upon the printed record, what the auditor says as to the facts in reference to the claims submitted must be assumed to be legally justified: Automobile Securities Co. v. Wilson, 293 Pa. 143. Though there be no such stipulation, the findings made below, where supported by competent evidence, are conclusive here, and questions not theretofore raised will not be considered by us: Williams v. Finlaw, Mueller & Co., 292 Pa. 244.

The first error suggested is found in two assignments which complain of the submission of the questions of accounting to an auditor, and the third and fourth which, in effect, suggest the same proposition, and are based on the refusal to vacate the appointment made. It will be noted that no exception was filed to the original decree in which all essential matters had first been determined by appropriate findings of fact and law, and an accounting ordered. The discharge of the petition later filed to set aside the decree, as made without authority, was excepted to, and the other errors referred to are based on this refusal. Though the latter might well be dismissed as violative of our rules of court (Grennell v. Fulton, 241 Pa. 572), yet the action complained of would be no ground for reversal, though properly before us. Under the new equity rules (No. 15), the office of auditor is abolished, except as otherwise provided therein, but by Rule 65 permission is given in an accounting case, after decree, following proper findings of fact and law, as here appear, to appoint an assessor to pass on items of debit and credit where complicated statements and claims are involved.

The necessity for so proceeding is within the judicial discretion of the chancellor, and his action will not be set aside unless it has been abused. The mere fact that the individual named to perform such service is designated incorrectly as an "auditor" rather than "assessor"

is immaterial. In Rowley v. Rowley, 294 Pa. 535, the right to so proceed under the rules now in force is fully discussed, and what was there said is controlling here. It is true, as suggested by appellant, that attention was called in the case cited to the fact that the original appointment was by agreement of both parties, and, in the present case, though not objected to when made, the vacation of the submission was later asked. This distinction is, however, immaterial, for if there was no power in the court to have an assessor pass on the debits and credits, consent of the litigants would not have conferred jurisdiction to so proceed: Yetter v. Delaware Valley R. R. Co., 206 Pa. 485. Under the circumstances disclosed, the duty to account having been found, as shown by the decree entered and not excepted to, and the statements submitted showing the necessity of expert aid to reach a true and correct balance, the action of the court below was permissible.

It is next contended that the assessor was bound to make special statements of fact and law before reaching his determination. No such requests were presented by appellant, nor was he or the chancellor asked to make distinct findings when the case again came before him, the defendant contenting himself with the filing of exceptions to various items as to debits and credits, which were passed upon. Rule 65 does not provide for the making by the person named of separate conclusions. The decree that the plaintiff is entitled to an account must of course be based on the necessary conclusions of fact and law, and such do appear in this record, but there is no such requirement as to the report of an assessor. The provisions of the Act of April 22, 1874, P. L. 109, regulating the practice where disputes are submitted by agreement for trial without a jury, and referred to by appellant as controlling, have no application here, nor does this proceeding come within the class of cases contemplated by our Equity Rule 79. The complaint now made on the ground suggested is without merit.

388

Other assignments are directed to allowances to plaintiff for services in preparing plans for use in construction of the buildings erected by the firm. It is true that a partner is not entitled to special compensation for work performed in the joint undertaking, unless it was so agreed (Delp v. Edlis, 190 Pa. 25; Lindsey v. Stranahan, 129 Pa. 635), but, under the facts found by the assessor, this case comes within the exception noted, and, by stipulation filed, these findings are to be considered controlling. The award to the partner in this case was therefore proper. It may be noted that claims for services were here made and allowed to both plaintiff and defendant.

Again, it is said that credit was given defendant for due but unpaid bills without adding thereto accrued interest, but appellant cannot find fault with this conclusion. He was the collecting and disbursing officer of the firm, and had in his hands funds which would permit payment, if any amounts were due. The real complaint in this connection rests on the alleged withholding by Curtis of a check for $10,238.53 due to the firm, and part of the assets of the partnership with which defendant was charged by the assessor. It is insisted that, by his action in refusing to hand it over until the settlement was made, the possibility of earning interest thereon was lost. Whether any such damage was sustained is not shown by the record. It does appear that no personal claim to the fund in question, or any part thereof, is made by plaintiff. The obligation was not cashed, and is merely held by the one partner until a settlement of the firm's affairs can be had. As stated by counsel for appellee on argument, the check will be delivered to the defendant upon his compliance with the order to account, as it must be, since it makes up a part of the moneys with which Mankus is charged in stating the debits and credits and determining the balance due.

A final complaint must be considered. When the auditor, so called,—in fact an assessor,—completed his first

account, counsel on both sides were advised that an allowance for services of $1,000 would be asked, and at the time no objection was made by any party interested. Later, in the supplemental report, it was recommended that three-fourths of the costs, including this fee, be paid by defendant, and one-fourth by plaintiff. This suggestion was excepted to, but the chancellor approved the award in the proportions named. It is now urged that compensation must be limited to ten dollars for each day engaged, as provided by the Act of June 4, 1879, P. L. 84. An examination of that statute shows it has no application to a case such as this. Even if the contrary was true, the determination of the time consumed in performing the duties imposed, and, as a consequence, the fixing of the fee to be paid, is a matter largely within the discretion of the court below. We cannot say it was here abused, when the record presented is silent as to the days occupied in hearing testimony, preparing the report, and its supplement, after the filing of two sets of exceptions. The propriety of a division of the amount so that each party should pay a part has been recognized in the equity rules, and the action of the court below in so ordering was within its judicial discretion: Guckenheimer & Bros. Co. v. Kann, 243 Pa. 75. Where neither party is successful in all of his contentions, a division does not constitute an abuse of the power lodged in the chancellor: National Accident & Ins. Co. v. Workmen's Circle, Inc., 289 Pa. 164.

A careful consideration of the many questions here raised leads to the conclusion that all of the assignments of error must be overruled.

The decree is affirmed at the cost of appellant.