### Bloch Bros. v. Sol Heller's Sons Inc.

Submitted December 10, 1931.

*G. J. Clark,* for appellant.

*Thomas Byron Miller,* for appellee.

OPINION BY GAWTHROP, J., March 5, 1932:

At the suit of a creditor Sol Heller's Sons, Inc., was decreed insolvent on October 9, 1929, and Fred B.

Davis and Ralph Heller were appointed receivers, and they duly qualified. The stock and fixtures were appraised at $11,837.55. On November 8, 1929, the receivers were authorized to sell the stock and fixtures for the sum of $10,000, at private sale, to Harry S. Friedman, and the sale was made. On November 26, 1929, Davis, receiver, petitioned the court to remove Heller as a receiver, on the ground that he had been interested as a purchaser of the property authorized to be sold to Friedman. On December 16, 1929, the rule granted on Heller to show cause why he should not be removed as receiver was made absolute, and he was removed from his office as receiver. Thereafter, Davis administered the receivership and filed an account on July 31, 1930, which was confirmed absolutely on August 25, 1930. On November 29, 1930, a schedule of distribution was filed by the receiver and on December 16, 1930, exceptions were filed to the same by Heller, who claimed to be a creditor, and complained that the receiver had refused to "include therein and to distribute pro rata to certain debts of Sol Heller's Sons, Inc.," held by him and presented to the receiver for allowance. On December 31, 1930, upon petition of the receiver reciting that Heller, while he was a co-receiver, had been interested as a purchaser of the property authorized to be sold to Friedman, and averring that he was subject to a surcharge of the difference between the amount paid by him for, and the appraised value of, the assets sold to Friedman, an auditor was appointed to take testimony and pass upon the exceptions filed by Heller to the account of Davis, receiver, and the liability of Heller to a surcharge. The court below states in one of his opinions that the auditor qualified, entered upon the duties of his office, and held his first hearing at which Heller appeared by counsel, submitted to the jurisdiction and authority of the auditor, and offered evidence in support of his ex-

ceptions. Subsequently on March 9, 1931, Heller moved the court to vacate the order appointing an auditor. This motion was refused and on March 11, 1931, Heller moved to vacate so much of the order appointing the auditor as vested the latter with authority to pass on the question of his liability to a surcharge, asserting in support thereof that, as the account before the court was not his account and he had not been ordered to file an account, the court had no jurisdiction to consider his liability to a surcharge; that the making of an order requiring him to account was a condition precedent to the entry of an order subjecting him to a surcharge; and that he was entitled to have a hearing before the court itself if a surcharge were sought. In response to this motion, the court entered an order on July 27, 1931, fixing July 31, 1931, "as the time for hearing on the question of the liability of Ralph Heller to a surcharge." The case was heard by the court August 5, 1931, the court stating to the parties in limine that he was of opinion that Heller "is entitled to a hearing before the court on the question of his liability to a surcharge, and that that matter should not be submitted to the auditor against his objection; and we will, therefore, take that question up at this time and hear such testimony as the respective parties care to submit." Heller was present with his counsel and, without objecting to the hearing on the question of his liability to a surcharge, testified in his behalf. On September 3, 1931, the court entered an order revoking that portion of the order of December 31, 1930, which vested the auditor with authority to determine the liability of Heller to a surcharge and determined that Heller was subject to a surcharge of $1,827.55. The order also recommitted the matter "to the auditor or assessor that he may consider and pass upon the claims presented and report the distribution of the

funds in the hands of the accountant.'' To this order Heller filed exceptions and from it appeals.

After appellant perfected his appeal he served notice on Davis, receiver, that he intended to argue on the appeal the question whether the court below had jurisdiction to enter that part of the order appealed from which determined that Heller was subject to a surcharge, and gave notice that he did not intend to print the evidence. Counsel for the receiver objected to the non-printing of the evidence and the court, pursuant to Rule 55 of this court, directed that the testimony taken at the hearing on the application for the removal of Heller as receiver and the testimony taken at the hearing held August 5, 1931, when the question of Heller's liability to surcharge was submitted to the court, be printed on the appeal.

Appellant's statement of the questions involved limit our consideration to three questions, (1) whether the court below had jurisdiction to enter the order surcharging appellant; (2) whether the court erred in ordering the testimony to be printed; (3) whether the receiver has any right to be heard on this appeal.

(1) In support of the contention that the court had no jurisdiction to enter the order surcharging appellant, it is urged that he was never called on to file an account; that before he can be surcharged he must be charged in a direct proceeding in which he may have an opportunity to defend; and that at the hearing of August 5, 1931, the only question before the court was whether appellant's motion to vacate that part of the order of December 31, 1930, which conferred on the auditor authority to take testimony and report to the court on his liability to a surcharge, should prevail. We are unable to agree with this contention for several reasons. It is true that appellant was not required to file an account. Manifestly, the reason for this was that when he was removed from his receivership all

of the assets of the estate which had not been sold were in the exclusive custody and control of the co-receiver, Davis, and appellant was in possession of no property for which he was liable to account. A demand on him for an accounting for anything except that for which he might be liable, to the co-receiver as a result of his misconduct in becoming an indirect purchaser at his own sale would have been futile. But his removal from the office of receiver was not equivalent to a discharge, and until he was discharged he remained liable to surcharge for losses resulting from his misconduct in the execution of his trust prior to his removal as a receiver. Doubtless he could have been sued by the remaining receiver to enforce his liability. But there would seem to be no sound reason why that liability may not be enforced against him by the method pursued. We cannot agree with the assertion by his counsel that he was not charged in a direct proceeding in which he had an opportunity to defend. The petition filed for the appointment of an auditor charged him with the misconduct for which the court had removed him as a receiver, and asserted his liability to the surcharge. From the record it is clear that when he got before the court he and his counsel understood that the issue to be tried was whether or not he was liable to a surcharge and if he were, the amount thereof. The issue was tried and determined without objection in his behalf. As to the correctness of the decision of the court below on the merits of this issue, he raises no question, but raises by his exception and the assignment of error based thereon the single question of the jurisdiction of the court to enter the order surcharging him. All that the order of the court requires him to do is to account to and settle with the remaining receiver for the difference between the amount paid by him for the goods which he bought and the appraised value of the same. Where property

has been sold for less than its appraised value and purchased by the receiver without the consent of the court, he may be surcharged with the difference between; the price received and the appraised value: French v. Pittsburgh Vehicle Co., 184 Pa. 161; 53 C. J. 374. We find no merit in the suggestion that "a judgment has been entered against Heller without a trial." When the order was entered appellant was a removed, but not a discharged, receiver, and remained subject to surcharge for acts committed prior to his removal. The authority of a court of equity to surcharge a receiver who has not been discharged is undoubted. See Pangburn v. American Vault Safe & Lock Co., 205 Pa. 93.

(2) The question whether the court erred in ordering the testimony to be printed, under Rule 55 of this court, requires no discussion because that is a matter resting upon the discretion of the court below, whose decision is final.

(3) It was entirely proper for Davis, receiver, to appear in this court as appellee. The question is not one of distribution between creditors, a matter in which he would be a mere stakeholder as in Correll, Receiver's Account, 283 Pa. 277, on which appellant relies. In this proceeding appellee represents all the creditors alike and, in seeking to protect the estate over which he was appointed, acts for their common benefit. See Cushing v. Perot, 175 Pa. 66; Lathrop v. Knapp, 37 Wis. 307; 53 C. J. 325.

While these conclusions determine our action in the present appeal, it seems wise to refer to another question, not raised by any assignment of error, namely, whether the appointment by the court below of an "auditor" amounted to no more than the appointment of an "assessor," as provided by Equity Rule 65. It appears that the final decree recommits the matter "to the auditor or assessor that he may

consider and pass upon the claims presented and report the distribution of the funds in the hands of the accountant." To us it seems gravely doubtful whether the court was merely availing itself of the assistance of an "assessor" in executing or supervising the execution of the details of its work, rather than delegating the exercise of exclusively judicial functions which are not delegable to an assessor appointed by authority of Rule 65. See Rowley v. Rowley, 294 Pa. 535; and Curtis v. Mankus, 295 Pa. 381.

The assignments of error are overruled, and the judgment is affirmed.