## Huron, Appellant, *v.* Schomaker et al.

Argued May 4, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* for appellant.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

This action in assumpsit was brought originally before an alderman by Michael W. Huron against "W. S. Schomaker, O. T. Sweeney, James P. Casey, individually and as co-partners, trading and doing business under the name of O. T. Sweeney, a partnership," to recover fees for professional services. Judgment was entered in the alderman's office in favor of plaintiff and against defendants, individually and as partners, for $148.50. From this judgment, appeal was taken to the county court of Allegheny county by W. S. Schomaker, who alone filed an answer, denying that he was a partner or was indebted to the plaintiff. The court entered judgment in favor of defendant. This appeal followed.

The burden of proving, by a fair preponderance of the evidence, a partnership and the liability of the defendant rested upon the plaintiff: 47 C. J. 717, §118. He undertook to meet this burden by offering to prove by Casey, one of the defendants, certain declarations or admissions made by Schomaker, in the presence of all the partners, of the existence of the partnership.

The court sustained an objection to this testimony. This ruling, which is the principal error complained of, was wrong; the evidence should not have been excluded. Of course, declarations or admissions made by an al-

leged member of a firm to a third person, not in the presence of the other alleged co-partners, are not admissible to prove the others are partners of the firm. But, on the other hand, if, as here, A admits to B that he is a partner with B, the testimony of B as to A's declaration is admissible. It comes within the doctrine that statements made out of court by a party-opponent are generally admissible when offered against him: 2 Wigmore on Evidence (2d ed.), §1048, p. 504. Casey was undoubtedly a competent witness therefore to prove not only that he and Schomaker were partners (20 R. C. L. 847, §53), but also the declarations made to him by Schomaker admitting his membership in the firm. "An admission made by another that he is a member of a particular partnership is evidence of that fact against him": *McNeilan's Est.*, 167 Pa. 473, 474, 31 A. 727. See, also, *Edwards et al. v. Tracy et al.*, 62 Pa. 374; *Reed, Crane & Co. v. Kremer & Co.*, 111 Pa. 482, 5 A. 237. This general rule is recognized in the text of 47 C. J., pp. 721, 722, §127, where the following language is used: "The admissions or declarations of an alleged partner are admissible as against him in proof of the existence of a partnership ...... and testimony at the trial by one partner that another is a member of the firm is admissible."

The judgment entered in the court below is reversed, with a venire facias de novo.