Huron, Appellant, *v.* Schomaker et al.

Argued May 3, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Parker and Rhodes, JJ.

*William S. Doty*, with him *Thomas A. Thornton*, of *Doty & Thornton*, for appellant.

*Harvey A. Miller*, of *Miller & Nesbitt*, for appellee.

Opinion by Baldrige, J., September 28, 1938:

The plaintiff, an attorney, brought suit before an alderman against the three defendants, individually and as a copartnership, trading under the name of O. T. Sweeney, to recover the sum of $135, with interest, for legal services rendered. The alderman gave judgment for the plaintiff in the sum of $148.50, and the defendant, Schomaker, alone took an appeal to the County Court of Allegheny County. A non-jury trial was had and the judge found for Schomaker. Upon appeal by the plaintiff, this court (123 Pa. Superior Ct. 82, 185 A. 859) reversed the judgment and granted a new trial because the trial judge sustained objections to the admission in evidence of certain declarations made by

Schomaker to one of the alleged partners. At the second non-jury trial, Judge PIEKARSKI found as a fact that the weight of the evidence did not establish that Schomaker was a partner in the alleged copartnership or liable for the services rendered, and accordingly he entered judgment for Schomaker.

The appellant, evidently recognizing that the trial judge's findings, based upon sufficient evidence, are just as binding on us as a verdict of a jury (*Horsfield v. Metro. Life Ins. Co.*, 124 Pa. Superior Ct. 458, 189 A. 892; *Meitner et al. v. Scarborough*, 321 Pa. 212, 184 A. 81), confined his assignments to alleged trial errors.

His first complaint is that carbon copies of certain letters and bills sent to the defendants, including Schomaker, at the latter's business address in Pittsburgh, should not have been excluded when offered in evidence. A reference to the bills shows that they included only charges for title searches on certain mentioned properties and for the drawing of agreements. It does not appear in this record that Schomaker was in any way interested in the titles or agreements, nor was he addressed or described therein as a partner. He and the other original defendants were named simply as individuals. Assuming that Schomaker received the bills and letters sent by plaintiff, he was under no legal duty to reply thereto or to deny his liability. Therefore, his silence and inaction did not constitute an estoppel within section 16, part III, of the Act of March 26, 1915, P. L. 18 (59 PS §38), as he did not represent himself, or knowingly permit others to hold him out, as a member of the copartnership: Compare *Oswald Mach. Co. v. Farnsworth & Ebert*, 101 Pa. Superior Ct. 506. All of the rejected exhibits, except possibly the first bill, were sent after the date plaintiff himself testified Schomaker refused to sign a partnership agreement which he presented to him. These writings not only had no material relevancy to the issue involved, but were in the nature

of self-serving memoranda, and were properly excluded.

The appellant complains also that the court erred in not permitting paragraphs 5 and 6 of his statement of claim to be offered in evidence as averments undenied in the affidavit of defense. Each contained an averment of a partnership which was definitely and unequivocally denied in the corresponding paragraphs of the affidavit of defense. The appellant's attorney in the course of the trial of the case suggested a stipulation, agreed to by defendants, to the effect that the only issue involved was whether Schomaker was a partner. The appellant states in his written argument that this stipulation, "which was finally adopted as a substitute for the offer of undenied averments prescribed by law and rules of court, which counsel for plaintiff had been attempting, was not a voluntary thing ...... but was a final resort after numerous stipulations suggested by the trial judge." No foundation for this statement appears. The record does not justify the conclusion that plaintiff was imposed upon or that any unfair tactics were resorted to during the trial.

The appellant charges the court with further error in not explicitly answering each of his fifteen separately numbered requests for findings of fact and five requests for conclusions of law. He relies upon section 8 of the Act of May 5, 1911, P. L. 198 (17 PS §635) creating the County Court of Allegheny County, which, as amended, reads as follows: "Cases tried by the court without a jury shall be tried under such rules of procedure as the court shall prescribe: Provided, That at the trial in the county court of cases before a judge, without a jury, either party may present to the trial judge such requests for findings of law or fact as he may desire, which requests *shall* be answered by the trial judge; to which answer either party may, within the time prescribed by the court, except; and thereupon such requests for findings and the answers of the

court thereto shall become part of the record." (Italics supplied).

No cases have been cited, and we have found none, construing that section as meaning that the trial judge must answer specifically all points submitted. The Act of April 22, 1874, P. L. 109 (12 PS §689), as amended July 10, 1935, P. L. 640 (repealed as to Philadelphia County by the Act of June 25, 1937, P. L. 2090), relating to trials by a judge without a jury in civil cases, provides in section 2 as follows: "The decision of the court shall be in writing, and, if requested by counsel for either party for the purposes of filing exceptions or for the taking of an appeal, shall state separately and distinctly the facts found, the answers to any points submitted in writing by counsel and the conclusions of law ......" In *Kershbaum v. London Guarantee & Accident Co.*, 286 Pa. 213, 217, 133 A. 299, where the Act of 1874 was considered, the appellant, as here, complained that its request for findings of fact and conclusions of law were not separately and distinctly answered. The Supreme Court held that this was not necessary if the facts found adequately covered all the material points involved in the case. In *Athens National Bank v. Ridgebury Township*, 303 Pa. 479, 483, 154 A. 791, where the jury trial was waived, a complaint was made to the inadequacy of the findings and conclusions of the trial judge and to his failure to answer categorically some of the defendant's requests. The court held that as the controlling questions were discussed and set forth in the opinion, specific answers to the requests were not required. See, also, *O'Brien v. Sovereign Camp, W. O. W.*, 122 Pa. Superior Ct. 39, 184 A. 546. As pointed out in the Athens National Bank case, supra, there is no reason to burden the trial judge unnecessarily by compelling him to answer specifically every request that might be suggested, whether relevant or not.

In the present case, the trial judge filed an opinion containing ten distinct findings of fact and four conclusions of law, which adequately covered the single issue in this case, namely, Was Schomaker liable as a partner to pay for professional services rendered by the appellant? True, he did not specifically discuss Schomaker's liability as a partner under the equitable doctrine of estoppel, but his findings and conclusions are sufficiently clear to show that he found adversely to that contention. Concluding as we do that he discussed and found facts and reached conclusions of law covering the controlling question in controversy, we find no merit in this branch of appellant's argument.

The appellant asserts further that the judge failed to file a decision within five days after the conclusion of the trial, as required by section 7, subd. (b), of the Act of May 5, 1911, P. L. 198, supra, as amended (17 PS §629). This section provides that "the cause shall be heard by one or more of the judges of said court, who shall hear the parties, and their witnesses and counsel, if any; and *the decision of the judge* or judges hearing the cause *shall be rendered at the conclusion* of the trial, or at such other time, *not more than five days thereafter,* as may then be designated for the purpose; and said judgment shall forthwith be entered upon the docket of said court." (Italics supplied).

This case was tried June 9, 1937, and the decision was not filed until July 15th, or thirty-five days after the trial. The language stating that the judge shall file his decision in five days must be regarded as directory only and not mandatory. In *Pearlman v. Newburger et al.,* 117 Pa. Superior Ct. 328, 338, 178 A. 402, we held that the provision in the second section of the Act of April 22, 1874, supra, that the court shall file its opinion "not exceeding sixty days ......  from the termination of the trial" was directory only.

It is highly improbable that it was the intention of the legislature to impose upon the trial judge an absolute and imperative duty to file his decision within five days after the trial, otherwise the judgment entered would be invalid. The trial judge may be engaged immediately thereafter for more than five days in hearing other cases, or there may be some other sound and perfectly legitimate reason which would make it impossible for him to hand down a decision within that limited time. Notwithstanding sufficient grounds for delay are not apparent, a successful party to a suit should not be penalized even if a judge is derelict in performing his duties.

The appellant's final position is that the lower court abused its discretion in refusing to allow him to omit certain testimony from the record to be printed on appeal. Whether an appellant shall be permitted to omit certain testimony taken upon the trial under rule 55 is a matter resting solely within the discretion of the court below, whose decision is final: *Bloch Bros. v. Sol Heller's Sons, Inc.*, 104 Pa. Superior Ct. 483, 489, 159 A. 203.

Judgment is affirmed.