**Matter of P. & S. PROCESSING CO., Inc., Bankrupt.**

No. 529-58.

United States District Court D. New Jersey.

Aug. 12, 1959.

Bilder, Bilder & Freeman, Newark, N. J., for chattel mortgagee, Harold Gold.

Jacob Paer, Paterson, N. J., for trustee.

HARTSHORNE, District Judge.

The petition for review of the order of the Referee herein involves an attempt by the Bankruptcy Court to compel an accounting for allegedly excessive fees, charged by the auctioneer who conducted a chattel mortgage sale of the goods of the one later declared bankrupt. There is no question, of course, as to the right of the Trustee in Bankruptcy to recover any such excessive fees as property of the bankrupt, the sole question being whether this recovery should be on summary proceedings in the Bankruptcy Court or in the ordinary plenary suit.

The difficulty with the proceedings as taken in the Bankruptcy Court is that the chattel mortgage is admitted by the Trustee to be valid, and not only to have been executed before the statutory four-month period preceding the bankruptcy, but that the sale of the mortgaged goods itself occurred before the bankruptcy petition was filed. Upon the filing of the bankruptcy petition, the proceeds of the sale were transmitted to the Trustee in Bankruptcy, less the amount due on the mortgage and the commissions in ques-

tion. Neither the chattel mortgage, the mortgaged property, nor the disputed commission, was ever in the custody of the bankruptcy officials or the Bankruptcy Court. The property of the bankrupt, to which the Trustee became entitled, obviously never included the chattel mortgage. The bankruptcy proceedings did not affect the chattel mortgage or supersede the chattel mortgage sale thereunder.

The sole basis for the Court's claim of jurisdiction to compel this accounting is Section 2, sub. a(21) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(21). This statute provides that the Referee may "require receivers or trustees appointed in proceedings not under this Act, assignees for the benefit of creditors, and agents authorized to take possession of or to liquidate a person's property to deliver the property in their possession or under their control to the receiver or trustee appointed under this Act * * * and in all such cases to account to the court for the disposition by them of the property of such bankrupt or debtor * * * ". While a literal reading of this statute would seem to support the authority of the Referee, our highest court has held, in Emil v. Hanley, 1943, 318 U.S. 515, 63 S.Ct. 687, 87 L. Ed. 954, that the statute must be construed in the light of its legislative history, and that that legislative history shows that the statute "was designed to define the powers of the bankruptcy court only where bankruptcy superseded the prior proceedings." Ibid., 318 U.S. at page 520, 63 S.Ct. at page 690. That is, in similar situations to those where insolvency proceedings occurred in the State courts and a bankruptcy thereafter supervened. Here it might well be that, since the State court receiver, appointed shortly before the bankruptcy, was superseded by the bankruptcy, that receiver could be compelled, under the above statute, to account in bankruptcy. However, that receiver never took possession of the property subject to the chattel mortgage, or its proceeds, since the State court held he had no right thereto, and it is understood that he is not being pursued here as to these fees so withheld, for that reason. Again the bankruptcy did not supersede the chattel mortgage foreclosure either in time or in law. The chattel mortgage was a lien long preexisting the bankruptcy. Its validity is admitted. The foreclosure of this admittedly valid lien divested all interest of the bankrupt in the property covered thereby, the bankrupt retaining his rights solely to the net proceeds. But, for the above reason, these net proceeds did not become subject to proceedings in the Bankruptcy Court by virtue of the above statute, the sole basis therefor, as claimed by that Court. Of course, if the Trustee in Bankruptcy contends that the full amount of these proceeds was not paid him, he can take plenary proceedings in the ordinary courts to obtain same. Nor is Mount v. Matthews, E. & A.1926, 99 N.J.Eq. 839, 133 A. 299, helpful to the Trustee. Its dictum to the effect that upon a chattel mortgage sale the chattel mortgagee holds the net proceeds over and above the sale fees and the amount due on the mortgage, in trust for the mortgagor or his creditors, is doubtless correct. But the question here is solely how this alleged trust should be enforced, by summary proceedings in the Bankruptcy Court, or by plenary proceedings, just as were had in Mount v. Matthews, supra. For the reasons above stated, the Trustee must take plenary proceedings.

The above renders it quite unnecessary to discuss the further question as to the jurisdiction of the Bankruptcy Court, or any New Jersey court, over the chattel mortgagee, a resident of New York.

The order of the Referee requiring an accounting by Harold Gold, the chattel mortgagee, will accordingly be reversed, and that releasing the auctioneer and the State receiver from the necessity of making such an accounting as to such fees will be affirmed, for the reasons stated.

An order may be entered accordingly.